UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER LAZZARO,

    Plaintiff,

v.

ACCELERATED INVETORY MANAGEMENT, LLC, ET AL.,

    Defendant.

Case No. 25-cv-03566-CRB

**ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES**

This action is assigned to the Honorable Charles R. Breyer.

**Service of documents.** When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order and the supplementary material specified in Civil Local Rule 4-2.

**Availability of Alternative Dispute Resolution.** This action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court's ADR webpage at www.cand.uscourts.gov/adr.

**Important case management dates.** Counsel must comply with the dates listed below unless the judge otherwise orders.

| Case Management Event | Deadline |
|---|---|
| File Certification of Conflicts and Interested Entities or Persons. (See Civil L.R. 3-15) | Upon first appearance (and supplement as necessary) |
| Deadline to file ADR Certification. (See ADR L.R. 3) | 7/7/2025 |
| Deadline to meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan. (See F.R. Civ. P. 26(f)) | 7/7/2025 |
| Deadline to make initial disclosures. (See F.R. Civ. P. 26(a)(1)) | 7/18/2025 |
| Deadline to file Joint Case Management Statement. (See Standing Order for All Judges of the Northern District of California) | 7/18/2025 |
| Initial Case Management Conference: To be held by Zoom. Go to cand.uscourts.gov/crb for Zoom link. | 7/25/2025 at 8:30 AM |

FILED
APR 23 2025
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

# STANDING ORDER FOR ALL JUDGES
# OF THE NORTHERN DISTRICT OF CALIFORNIA
## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

All judges of the Northern District of California require identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. <u>Jurisdiction and Service</u>: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. <u>Facts</u>: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. <u>Legal Issues</u>: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. <u>Motions</u>: All prior and pending motions, their current status, and any anticipated motions.

5. <u>Amendment of Pleadings</u>: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. <u>Evidence Preservation</u>: A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. *See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

7. <u>Disclosures</u>: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26, and a description of the disclosures made.

8. <u>Discovery</u>: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.

9. <u>Class Actions</u>: If a class action, a proposal for how and when the class will be certified, and whether all attorneys of record for the parties have reviewed the Procedural Guidance for Class Action Settlements.

10. <u>Related Cases</u>: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. <u>Relief</u>: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12. <u>Settlement and ADR</u>: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. <u>Other References</u>: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

*Effective January 17, 2023*

14. <u>Narrowing of Issues</u>: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses. The parties shall jointly identify (in bold or highlight) one to three issues which are the most consequential to the case and discuss how resolution of these issues may be expedited.

15. <u>Expedited Trial Procedure</u>: Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64 Attachments B and D.

16. <u>Scheduling</u>: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

17. <u>Trial</u>: Whether the case will be tried to a jury or to the court and the expected length of the trial.

18. <u>Disclosure of Non-party Interested Entities or Persons</u>: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding. In any proposed class, collective, or representative action, the required disclosure includes any person or entity that is funding the prosecution of any claim or counterclaim.

19. <u>Professional Conduct</u>: Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

**GENERAL STANDING ORDER FOR CIVIL AND CRIMINAL CASES BEFORE JUDGE CHARLES R. BREYER**

I.    **RULES APPLICABLE TO ALL CASES**

    A.    **Conformity to rules.** Parties shall follow the Federal Rules, the Local Rules, and the General Orders of the Northern District of California, except as superseded by this Court's Standing Orders.

    B.    **Scheduling**

        1.    **Criminal calendar** is generally conducted on Wednesdays at 10:00 a.m. for sentencing and 1:30 p.m. for all other matters.

        2.    **Civil law and motion calendar** is generally conducted on Thursdays at 10:00 a.m.

        3.    **Case management conferences** are generally conducted on Thursdays at 8:30 a.m.

        4.    **Pretrial conferences** are generally conducted at 2:30 p.m. on days determined by the Court.

        5.    For all hearing and conferences, order of call is determined by the Court.

        6.    Counsel need not reserve a hearing date for motions. However, counsel is advised to check the Court website for unavailable dates. Noticed dates may be reset as the Court's calendar requires.

        7.    No changes in the Court's schedule shall be made except by signed order of the Court and upon a showing of good cause. Parties seeking to continue hearings, request special status conferences, modify briefing schedules, or make other procedural changes shall submit a

signed stipulation and proposed order, or, if stipulation is not possible, an ex parte application in writing.

C. **Motion practice.** Briefs or Memoranda of Points and Authorities in support of, or in opposition to, any motions filed in an action must be typed on 28-line, double-spaced pleading paper and, except for summary judgment motions, may not exceed 15 pages in length, exclusive of title pages, indexes of cases, table of contents, exhibits, affidavits and summaries of argument, if required. Briefs exceeding 10 pages in length must contain an additional summary of argument, including reference to any important cases cited. Summary judgment memoranda may not exceed 25 pages. Each party is limited to filing one summary judgment motion. Any party wishing to exceed this limit must request leave of the Court and must show good cause. Counsel shall submit a proposed form of order with all motion and opposition papers.

D. **Telephonic appearances.**

1. **Policy.** Telephonic appearances are allowed at the court's discretion for case management conferences, status conferences and civil motion hearings. Any request for a telephonic appearance must be court-approved in advance by submitting and e-filing an Application and Proposed Order for a Telephonic Appearance.

2. **Procedure.** Telephonic appearances may be arranged by calling CourtCall at (866) 582-6878 not later than 3 p.m. the court day prior to the hearing date. It is counsel's responsibility to dial into the call not later than 10 minutes prior to the scheduled hearing. Telephonic appearances are connected directly with the courtroom's public address system and electronic recording equipment so that a normal record is produced. To ensure the quality of the record, the use of mobile phones, speakerphones, public telephone booths, or phones in

2

other public places is discouraged. Failure to use adequate technology so that you may be heard clearly will be treated as a failure to appear. Each time you speak, you must identify yourself for the record. Counsel may contact Judge Breyer's Courtroom Deputy, Lashanda Scott, at (415) 522-2062 for additional guidance.

E. **Less-experienced attorneys and attorneys from underrepresented groups.** Junior lawyers and lawyers from groups that have been historically underrepresented in the legal profession are invited to argue motions they have helped prepare and to question witnesses with whom they have worked. Opportunities to train young attorneys and attorneys from underrepresented groups in oral advocacy are rare because of the decline of trials. Where such lawyers are familiar with the matter under consideration, but have little experience arguing before a court, they should be encouraged to speak by the law firms involved in the case. This Court is amenable to permitting a number of lawyers to argue for one party if this creates an opportunity for a junior lawyer or lawyers from underrepresented groups to participate. Of course, the ultimate decision of who speaks on behalf of the client is for the lawyer in charge of the case, not for the Court.

F. **Courtesy copies.** Parties must file a single (no duplicates) courtesy chambers copy of all filings. The courtesy copy must be delivered to the Clerk's Office no later than noon on the court day following the day that the document was electronically filed. (Note: This deadline differs from those in Civil Local Rule 5-1(e)(7)(A).) All chambers copies should be three-hole punched along the left side of the page, and should bear the ECF filing "stamp" (case number, docket number, date, and ECF page number) along the top of the page. All exhibits shall be clearly delineated with tabs along the right side (e.g., "1", "2", "3"). If the filing includes exhibits over three inches thick, the parties shall place the chambers copy in a binder. The

Court prefers double-sided printing for voluminous chambers copies of exhibits, if possible.

G. **Filing under seal.** Parties are reminded that court proceedings are presumptively public, and no document shall be filed under seal without request for a court order that is narrowly tailored to cover only the document, the particular portion of the document, or category of documents which meet the applicable legal standard for sealing. To the extent that filings include under seal materials, chambers copies should include all material—both redacted and unredacted—so that the chambers staff does not have to re-assemble the whole brief or declaration, although chambers copies should clearly delineate which portions are confidential (via highlighting).

H. **Protective orders.** If parties believe that a protective order is necessary, they shall, where practicable, use one of the model stipulated protective orders (available at http://cand.uscourts.gov/stipprotectorder). If the parties' proposed protective offer differs materially from the model protective order, the parties shall file a statement explaining each modification to the model order, along with a redline version comparing the proposed protective order with the model order.

II. **RULES APPLICABLE ONLY TO CIVIL CASES**

A. **Motions to compel discovery** are referred to a Magistrate Judge for assignment. Therefore, counsel are required to file a notice of discovery disputes to initiate a referral in lieu of filing discovery motions before this Court.

B. **Amended pleadings.** If a party files an amended pleading, it shall concurrently file a redlined version comparing the amended pleading to the prior operative pleading.

C. **Unrepresented (pro se) parties.** Parties representing themselves should

4

visit https://www.cand.uscourts.gov/pro-se. The page discusses the Court's "Legal Help Center," which provides free assistance at the San Francisco, Oakland, and San Jose courthouses for unrepresented parties. It also links to the Court's Pro Se Handbook. Parties may visit the Legal Help Centers at the San Francisco and Oakland courthouses, or call (415)-782-8982 to make an appointment.

D. **Case management conferences.** The attorney appearing at a case management conference need not be lead counsel, but must have full authority to make decisions about any issue that may come up during the conference, including trial dates.

## III. SPECIAL RULES FOR 11(C)(1)(B) PLEA AGREEMENTS

Plea agreements pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B) must include the following:

1. If the agreement includes a Sentencing Guidelines calculation, then it must also state that the parties agree that the adjusted offense level results in a Guidelines range of ___ to ___ months depending on the defendant's Criminal History Category.

2. If the agreement includes a waiver of appellate rights, it must also reserve the defendant's right to appeal the judgment of the Court as it pertains to any alleged error in sentencing as well as any claim to ineffective assistance of counsel.

**IT IS SO ORDERED.**

Dated: October 1, 2020

/s/
CHARLES R. BREYER
United States District Judge

5

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

No. _____

## ORDER SETTING CASE MANAGEMENT CONFERENCE

The above matter having been assigned to Judge Charles R. Breyer,

**IT IS HEREBY ORDERED,** pursuant to Rule 16, Federal Rules of Civil Procedure, and Civil Local rule 16, that a case management conference will be held before Judge Charles R. Breyer on Friday, _____ at 8:30 a.m., in Courtroom 6, 17th floor, 450 Golden Gate Avenue, San Francisco, California.

Lead trial counsel shall meet and confer not less than thirty (30) days in advance of the conference and shall file a joint case management statement in the form contained in the Civil Local rules as supplemented by this order not less than seven (7) days in advance of the conference.

If the conference is inconveniently scheduled, it may be rescheduled by stipulation and order to another date or time convenient to the Court's calendar.

At the conclusion of the conference, an order will be entered setting dates either for a further case management conference, or for close of discovery, pre-trial conference, and trial. Other orders regulating and controlling future proceedings may be entered.

Plaintiff(s) shall serve copies of this order at once on all parties to this action, and on any parties subsequently joined, in accordance with Federal Rules of Civil Procedure 4 and 5. Following service, plaintiff(s) shall file a certificate of service with the Clerk of this Court.

SUPPLEMENTAL TO INITIAL CASE MANAGEMENT STATEMENT

1. At the initial case management conference, the parties or at least one attorney of record for each party must appear in person. See FRCP 26(f) ; Civil LR 16-10(a).

2. The case management statement may not exceed ten pages. It should briefly describe the parties' controversy. <u>Any party seeking damages must set forth in the statement the amount sought and the basis for its calculation.</u>

3. If the case was removed from a state court, and the applicable state law has not required the parties to make an express demand for a jury trial at the time of removal, any party claiming right to a jury trial must make the request therefor within fourteen (14) days after service of the notice of removal. FRCP 81 (c).

4. <u>NOTICE TO PRO SE LITIGANTS IN NON-PRISONER ACTIONS:</u>

If you are proceeding in this lawsuit without an attorney, then the following directives apply to you in the prosecution of your case.

The court hereby ORDERS you to comply with the service requirements of Rule 4 of the Federal Rules of Civil Procedure as set forth below. Failure to follow the procedures set forth in this order may result, under Rule 4 (m), in dismissal of your case.

It is your responsibility to obtain a valid summons from the clerk and to effect service of the summons and complaint on all defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure. If you have named the United States government, a federal agency, a federal official or a federal employee as a defendant, you must comply with the special requirements of Rule 4 (i).

Service may be effected by any person who is not a party and who is at least 18 years of age, which means that you, as a party, may <u>not</u> effect service. If service of the summons and complaint is not made upon a defendant within 120 days after

2

the filing of the complaint, your action will, under Rule 4 (m), be dismissed as to that defendant.

Within 125 days after the filing of the complaint, you must file proof of service indicating which defendants were served within the 120 days allowed under Rule 4 (m) and showing, in accordance with Rule 4 (l), how each of those defendants was served (for example, by attaching appropriate certificates of service). You must also show cause why a defendant not served within the 120 days allowed under Rule 4 (m) should not be dismissed without prejudice. Failure to do these things within the designated time will result in the dismissal of your case under Rule 4 (m) and Rule 41 (b).

5.  NOTICE FOR AMERICANS WITH DISABILITIES ACT LITIGATION:

If this action seeks accommodation or other relief, including attorney fees, pursuant to Title III of the Americans with Disabilities Act, 42 USC § 12191-89, the court ORDERS, pursuant to FRCP 16, the following:

a.  Each plaintiff shall, pursuant to FRCP 4 (m), forthwith complete service on any unserved defendant;

b.  Discovery, except for initial disclosures required by FRCP 26 (a), and all other proceedings are until further order STAYED;

c.  If not previously done, each plaintiff shall forthwith serve upon each defendant a demand for accommodation and statement of attorney fees incurred to date (42 USC § 12205; Hensly v Eckerhart, 461 US 424, 429-30, 433-37 (1983));

d.  Each defendant shall, no later than the date for the conference of the parties specified above, serve a response to the demand for accommodation;

e.  The joint case management statement shall contain, in addition to the information called for by FRCP 26 (f), the information set forth in paragraphs c and d.

3

      Sanctions. **FAILURE TO COMPLY WITH THIS ORDER** may be deemed sufficient grounds for dismissal of this cause, default or other appropriate sanctions. See Federal Rules of Civil Procedure 16(f), 41 (b); Civ LR 1-4.

**IT IS SO ORDERED.**

Dated: April 8, 2013

                                                  CHARLES R. BREYER
                                                  UNITED STATES DISTRICT JUDGE