| | |
|---|---|
| 1 | **CHRISTOPHER LAZZARO** |
| 2 | 1302 Vallejo Street<br>Santa Rosa, CA 95404<br>Telephone: (831) 241-2738 |
| 3 | Email: chrisflazzaro@gmail.com<br>Plaintiff, Pro Se |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHER LAZZARO, | CASE NO.: 3:25-CV-03566-CRB |
| Plaintiff, | |
| vs. | **MOTION FOR ORDER GRANTING ALTERNATIVE SERVICE** |
| ACCELERATED INVENTORY MANAGEMENT, LLC, | |
| SCOTT & ASSOCIATES, P.C., and | |
| ROBERT KAYVON II | Honorable Charles R. Breyer<br>Complaint Filed:   April 23, 2025 |
| Defendants | CMC:                 July 25, 2025 at 8:30am |

COMES NOW Plaintiff Christopher Lazzaro, proceeding pro se, and respectfully requests, pursuant to Federal Rule of Civil Procedure 4(e) and Civil Local Rule 4-2, that this Court authorize alternative service on Defendant Robert Kayvon II ("Kayvon") by certified mail and by email in the above-captioned matter. In support, Plaintiff states:

1. Plaintiff filed the complaint on April 23, 2025 and has 90 days (until July 22, 2025) to serve all defendants under FRCP 4(m). Accelerated Inventory Management, LLC was

1  served on April 25, 2025, and Scott & Associates, P.C. was served on April 24, 2025, both via

2  their registered agents. Kayvon remains unserved despite diligent efforts.

3     2.    Plaintiff has incurred $680 in costs for a private investigator and process servers

4  across nine unsuccessful attempts in California and Nevada, $150 in costs for skip tracing, plus

5  costs for certified mail—with efforts still ongoing—to serve Kayvon, who has evaded service, as

6  detailed below:

    a.  Plaintiff communicated with Kayvon via email (RobertK@scott-pc.com) and phone (626-657-6019), as listed in Kayvon's Scott & Associates email signature. The email signature also provides a Texas P.O. Box for Scott & Associates, however no physical or personal address for Kayvon.

    b.  On January 13, 2025, during a phone call, Kayvon informed Plaintiff of residing in Southern California.

    c.  The California State Bar lists Kayvon's address as 1902 Park Ave, Apt 315, Los Angeles, CA 90026-7030 ("LA Apartment") in his recently updated Attorney Profile.

    d.  On April 28, 2025, a private investigator attempted service at the LA Apartment, gained entry, and spoke with an alleged housekeeper who stated Kayvon was in Las Vegas, NV.

    e.  Based on this information, the private investigator ran a skip trace, identifying a potential address for two businesses, Tax Resolution Professionals and RK Attorneys, both listed at 3430 E Russell Road, Suite 306, Las Vegas, NV 89120.

    f.  On April 30, 2025, at 11:07 AM, a process server attempted service at 3430 E Russell Road, Suite 306, Las Vegas, NV 89120. An individual identifying as an employee denied knowing Kayvon, despite Kayvon's listing as the attorney on both companies'

websites and the name RK Attorneys reflecting Kayvon's initials, suggesting possible evasion. A Declaration of Non Service was received.

g. On May 1, 2025, Plaintiff sent a certified letter (USPS Tracking No. 9589 0710 5270 2521 1929 40) to Kayvon at the LA Apartment, requesting a valid service address. USPS confirmed delivery to an individual at 3:09 PM on May 7, 2025.

h. On May 7, 2025, at 5:40 PM, a process server attempted service at the LA Apartment but was unsuccessful, despite the certified letter's delivery hours earlier.

i. On May 8, 2025, at 10:08 AM, Plaintiff called Kayvon at 626-657-6019, previously used for contact. Kayvon answered, identifying as "Robert Kayvon." When asked for a valid service address, Kayvon responded, "That's for you to find out," then stated, "I'll have to call you back later," before hanging up, indicating deliberate evasion.

j. From May 8 through 11, 2025, six additional service attempts were made at the LA Apartment—none successful—resulting in a statement of due diligence from the private investigator and a Declaration of Non Service from the process server.

k. Efforts continue at other locations, but the skip trace revealed numerous potential addresses across multiple states.

3. Plaintiff's nine documented service attempts at two locations, confirmed certified mail delivery, and Kayvon's evasive conduct during a phone call establish due diligence and the impracticability of standard service.

4. Pursuant to Fed. R. Civ. P. 4(e)(1) and Cal. Civ. Proc. Code § 415.30, alternate service by certified mail to 1902 Park Ave, Apt 315, Los Angeles, CA 90026-7030 and by email to RobertK@scott-pc.com (used in prior exchanges and an active email chain) are both methods reasonably calculated to apprise Kayvon of the pendency of this action. Plaintiff requests authorization for such service to ensure compliance with Rule 4(m).

*Lazzaro v. Accelerated Inventory Management, LLC et al.* – Case. No.: 3:25-CV-03566-CRB
**MOTION FOR ORDER GRANTING ALTERNATIVE SERVICE**

1    5.  Plaintiff attaches a Declaration detailing all attempts, proof of unsuccessful
2  service attempts, proof of non-service from Las Vegas, USPS delivery confirmation, and a
3  proposed order.

4  WHEREFORE, Plaintiff respectfully requests that the Court:

5  a. Grant this motion and authorize alternative service on Robert Kayvon II by certified
6     mail to 1902 Park Ave, Apt 315, Los Angeles, CA 90026-7030 and by email to
7     RobertK@scott-pc.com.

8  b. Order that Kayvon file and serve an answer or motion under Rule 12 within 21 days
9     from the date of service, pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i).

10 Dated: May 11, 2025

**CHRISTOPHER LAZZARO**
I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.
Executed On: May 11, 2025

By:  /s/ Christopher Lazzaro
CHRISTOPHER LAZZARO
1302 Vallejo Street
Santa Rosa, CA 95404
Telephone: (831) 241-2738
Email: chrisflazzaro@gmail.com
Plaintiff, Pro Se

*Lazzaro v. Accelerated Inventory Management, LLC et al.* – Case. No.: 3:25-CV-03566-CRB
**MOTION FOR ORDER GRANTING ALTERNATIVE SERVICE**
4