Timothy P. Johnson (Bar No. 66333)
Barron & Newburger, P.C.
1970 Old Tustin Avenue, Second Floor
Santa Ana, California 92705
Telephone: (714) 832-1170
E-Mail: tjohnson@bn-lawyers.com

Attorneys for Defendant Scott & Associates, PC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHER LAZZARO,<br><br>      Plaintiff,<br><br>vs.<br><br>ACCELERATED INVENTORY MANAGEMENT, LLC;<br>SCOTT & ASSOCIATES, P.C., and ROBERT KAYVON II<br><br>      Defendants. | Case No. 3:25-cv-03566-CRB<br><br>**DEFENDANT SCOTT & ASSOCIATES, PC'S MOTION TO DISMISS COMPLAINT**<br><br>Date: July 11, 2025<br>Time: 10:00 a.m.<br>Courtroom: 6, 17th Floor<br>Judge: Hon. Charles R. Breyer |

BARRON & NEWBURGER, P.C.

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Scott & Associates, PC hereby: (1) moves this Court for an order granting dismissal with prejudice of the Complaint filed April 23, 2025, by Plaintiff Christopher Lazzaro and (2) notices this matter for hearing on July 11, 2025, at 10:00 a.m. or as soon thereafter as the matter may be heard.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Scott & Associates, PC ("Scott") moves to dismiss Plaintiff Christopher Lazzaro's ("Plaintiff") Complaint. As set forth in the accompanying Memorandum of Points and Authorities in support of Scott's Motion to Dismiss, Plaintiff fails to allege any facts supporting a reasonable inference that Scott violated the Fair Debt Collection Practices Act, the Rosenthal Fair Debt Collection Practices Act, intentionally inflicted emotional distress on Lazzaro or that Plaintiff has plead a cause of action for punitive damages. The flaws in Plaintiff's Complaint are fatal to his claims and no amendment or repleading can cure these defects. Accordingly, the Complaint should be dismissed with prejudice as to Scott.

The grounds for this motion are fully set forth in Scott's accompanying brief in support of its motion to dismiss, and a proposed order is attached.

Dated:  May 15, 2025

**BARRON & NEWBURGER, P.C.**

By:_____/s/ Timothy Johnson_____
　　　　　　TIMOTHY P. JOHNSON
　　　　　　Attorneys for Defendant
　　　　　　Scott & Associates, PC

1  TIMOTHY P. JOHNSON (BAR NO. 66333)
2  BARRON & NEWBURGER, P.C.
3  1970 OLD TUSTIN AVENUE, SECOND FLOOR
   SANTA ANA, CALIFORNIA 92705
4  TELEPHONE: (714) 832-1170
   E-MAIL: tjohnson@bn-lawyers.com
5
6  Attorneys for Defendant Scott & Associates, PC

7

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                      SAN FRANCISCO DIVISION

12

13

14   CHRISTOPHER LAZZARO,

15            Plaintiff,                    Case No. 3:25-cv-03566-CRB

16
     vs.
17                                          **DEFENDANT SCOTT &**
                                            **ASSOCIATES, PC'S MEMORANDUM**
18                                          **OF POINTS AND AUTHORITIES IN**
     ACCELERATED INVENTORY                  **SUPPORT OF ITS MOTION TO**
19   MANAGEMENT, LLC;                       **DISMISS COMPLAINT**
     SCOTT & ASSOCIATES, P.C., and
20   ROBERT KAYVON II                        Date: _July 11, 2025
21                                           Time: 10:00 a.m.
              Defendants.                    Courtroom: 6, 17th Floor
22                                           Judge: Hon. Charles R. Breyer
23

24

25

26

27

28

BARRON & NEWBURGER, P.C.

# **TABLE OF CONTENTS**

**INTRODUCTION**………………………………………………...…8

**STATEMENT OF ISSUES**……………………...…………………......10

**PROCEDURAL AND FACTUAL BACKGROUND**……………...…………..…10

**ARGUMENT**………………….…………...…………………..………….12

    **A.**     **Plaintiff Has Failed to State a Viable Claim for Violations of 15 U.S.C. § 1692g (First Cause of Action)**…………….…..…………..13

    **B.**     **Plaintiff Has Failed to State a Viable Claim for Violations of 15 U.S.C. § 1692e(10) or Cal. Civ. Code § 1788.10(f) (Second Cause of Action)**……………………………...…………..…..15

    **C.**     **Plaintiff Has Failed to State a Viable Claim for Violations of 15 U.S.C. § 1692f**……………………………………….16

    **D.**     **Plaintiff Has Failed to State a Viable Claim for Violations of Cal. Civ. Code § 1788.15(a) (Fourth Cause of Action)**……………16

    **E.**     **Plaintiff Has Failed to State a Viable Claim for Violations of 15 U.S.C. § 1692e(5) (Fifth Cause of Action)**………………..……..17

    **F.**     **Plaintiff Has Failed to State a Viable Claim for Violations of Cal. Civ. Code § 1788.13(e) (Sixth Cause of Action)**………………17

    **G.**     **Plaintiff Has Failed to State a Viable Claim for Violations of 15 U.S.C. § 1692d (Seventh Cause of Action)**………………….…..18

    **H.**     **Plaintiff Has Failed to State a Viable Claim for Violations of Cal. Civ. Code § 1788.17 (Eighth Cause of Action)**…………….…..18

    **I.**     **Plaintiff Has Failed to State a Viable Claim for Intentional Infliction of Emotional Distress (Ninth Cause of Action)**………...…18

MOTION TO DISMISS                  25-cv-03566-CRB

BARRON & NEWBURGER, P.C.

**J.**     **A Claim for Punitive Damages is Not the Basis**
for a Cause of Action (Tenth Cause of Action)...............................................20

**CONCLUSION**..................................................................................20

BARRON & NEWBURGER, P.C.

MOTION TO DISMISS                                    25-cv-03566-CRB

# **TABLE OF AUTHORITIES**

**Cases**

*Airs Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc.,*
   744 F.3d 595 (9th Cir. 2014)……………………………………………………13

*Ashcroft v. Iqbal*,
   556 U.S. 678 (2009)……………………………………………………………..12

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 554 (2007)……………………………………………………………..12

*Chavez v. MCS Claim Servs, Inc.*,
   2016 U.S. Dist. LEXIS 37936 (E.D. N.Y. March 23. 2016)………………..…15

*Gonzales v. Arrow Fin. Serv., LLC*,
   660 F.3d 1055, 1062 (9th Cir. 2011)……………………………………………15

*In re Gilead Sciences Securities Litig.*
   536 F.3d 1049 (9th Cir. 2008)………………………………………………....12

*Irish v. Magnussen Home Furnishings, Inc.*,
   2018 U.S. Dist. LEXIS 227985 (C.D. Cal. April 24, 2018)………………….…20

*Mahon v. Credit Bureau, Inc.*,
   171 F.3d 1197 (9th Cir. 1999)………………………………………………...13

*Nogali v. Transcon Fin., Inc.*,
   2015 U.S. District LEXIS 199748 (C.D. Cal. Aug. 12, 2015)………………..…18

*Sport Collectors Guild Inc. v. Bank of Am. NA*,
   2018 U.S. Dist. LEXIS 228628 (D.C. Ariz. Jan. 4, 2018)………………….....19

*Strand v. Diversified Collection Servs.*,
   380 F.3d 316 (8th Cir. 2004)……………………………………………………14

*Townsend v. Chase Bank USA, N.A.*,
   2009 U.S. Dist. LEXIS 13116, (C.D. Cal. Feb. 15, 2009)………………....…19

*Yau v. Santa Margarita Ford, Inc.*
   229 Cal.App.4th 144 (2014)…………………………………………………..18

## Statutes

15 U.S.C. §1692d……………...…………………………...…………...…18

15 U.S.C. §1692e…………………………………………………....…15, 17

15 U.S.C. §1692f………………………………………....…10, 11, 14, 16

15 U.S.C. §1692g………………..………...…….………..9, 13, 14, 16, 17


Civil Code, §1788.10…………...…………………………………16

Civil Code, §1788.13…………...…………………………………17

Civil Code, §1788.15…………...…………………………………16

Civil Code, §1788.17…………………..…………………………18

MOTION TO DISMISS            25-cv-03566-CRB

Barron & Newburger, p.c.

**DEFENDANT SCOTT & ASSOCIATES, PC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS**

### INTRODUCTION

This case arises out of a loan obtained by Plaintiff Christopher Lazzaro ("Plaintiff") from LendingClub Bank that he failed to repay. After he failed to repay the debt, LendingClub Bank assigned the debt to Defendant Accelerated Inventory Management, LLC ("AIM"). AIM subsequently hired Defendant Scott & Associates, PC ("Scott") to collect the debt. (Request for Judicial Notice, Ex. 2, pgs. 3-5) Scott eventually filed a lawsuit on behalf of AIM against Plaintiff in the Sonoma Superior Court to satisfy the debt (the Underlying Lawsuit"). (Complaint, Ex. F)

Plaintiff does not claim in his Complaint that he does not owe the debt or why he failed to repay the debt. Instead, he has filed this lawsuit against AIM, Scott and its attorney employee Robert Kayvon II asserting a variety of claims arising from Scott's attempts to collect the debt owed by Plaintiff to AIM. None of these claims has any merit.

The Complaint appears to primarily be based on the spurious notion that Plaintiff's contract with LendingClub Bank includes an arbitration clause that mandates that any disputes relating to the debt be resolved by arbitration. However, the arbitration clause in the LendingClub agreement does not mandate arbitration, but merely provides that any party to the agreement may elect arbitration. Scott was accordingly not obligated to arbitrate the dispute with Plaintiff regarding his debt. Plaintiff responded to the Underlying Lawsuit by moving to arbitrate the case which motion was granted. (Request for Judicial Notice, Ex. 1 and 2)

Although Plaintiff does not specifically link the issue to any specific causes of

action, Plaintiff claims that Scott tried to conceal the arbitration language in the LendingClub Bank agreement with him by not attaching it to the complaint in the Underlying Lawsuit rather than only attaching the document controlling the debt—the promissory note between Plaintiff and LendingClub Bank. That argument ignores that the document containing the arbitration language—the Borrower Agreement—did not evidence the debt and had nothing to do with the validity of the debt that was the subject of the Underlying Lawsuit. That argument also ignores that, since Plaintiff was a party to the Borrower Agreement, he was in possession of the Borrower Agreement which he used to support his motion to compel the arbitration of the Underlying Lawsuit.

Plaintiff also claims that he was not sent an initial validation letter pursuant to 15 U.S.C. §1692g by Scott (Complaint ¶1—"Defendants failed to provide the legally required notice pursuant to 15 U.S.C. §1692g(a)…") But Plaintiff then acknowledges that he received the §1692g notice but discarded it without opening it since it did not contain "sender identification". (Complaint ¶46—"[the predatory collection process] began with a 'validation notice' sent in an envelope lacking sender identification…"

Plaintiff also claims that he did not receive the subsequent letter sent to him by Scott advising of their intent to file a lawsuit against him to collect the LendingClub debt. Again, Plaintiff alleges that he must have discarded this letter since it came from "an unknown sender". (Complaint, (Complaint ¶46—"[the validation letter] was followed by an 'intent to sue letter' from an unknown sender…"

Plaintiff has attached copies of the two envelopes in which the validation letter and then the notice of intent to sue letter that were obtained from the United States Postal Service and has attached them to his Complaint as Exhibits C and E. As the Court can readily see, the envelope in which the validation letter came—See Ex. C—

contains the address of the sender—Scott—as well as the name and address of the recipient--Plaintiff. Similarly, the envelope in which the notice of intent to sue letter contains both the name and address of Scott as well as the name and address of Plaintiff. Yet, Plaintiff says that this information was not enough to cause him to open either of the two envelopes. What more could Scott have done to have caused Plaintiff to open the envelopes—stamped DEBT COLLECTION LETTER on the envelope to get his attention? However, that would have constituted a violation of 15 U.S.C. §1692f(8).

What Plaintiff is really suggesting is that a debt collector cannot send any letter to a consumer without violating the FDCPA. If the debt collector complies with 15 U.S.C. §1692f(8) by not including information on the envelope that indicates that it is being sent by a debt collector, Plaintiff then argues that the envelope does not contain enough information to cause him to take a couple seconds to open the envelope.

## STATEMENT OF ISSUES

1. Whether Plaintiff pled sufficient facts to state claims upon which relief can be granted under the FDCPA, the Rosenthal Act, and any common law claims based on the purported concealment of the arbitration provision in Plaintiff's Borrowers Agreement with LendingClub Bank.

2. Whether Plaintiff pled sufficient facts to state claims upon which relief can be granted under the FDCPA, the Rosenthal Act, and any common law claims based on the mailing of the validation letter and the notice of intent to sue letter.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff filed this Complaint on April 23, 2025. (Docket No. 1) Plaintiff served Scott with the Complaint on April 24, 2025. (Docket No. 10)  Scott's response to the

-10-

Complaint was due on or before May 15, 2025.

The facts leading up to this lawsuit are fairly straightforward. They are as follows:

- Plaintiff obtained a loan from LendingClub Bank ("the Loan").

- The Loan is evidenced by the promissory note between Plaintiff and LendingClub Bank attached to the Complaint as Exhibit F, attachment no. 2.

- Scott sent a validation letter dated February 9, 2024, to Plaintiff regarding the status of the debt. (Complaint, ¶46; Complaint, Ex. B)

- That validation letter was sent in the envelope depicted in Ex. C attached to the Complaint. (Complaint, ¶47) As the Court can readily see, the envelope displayed only Plaintiff's name and address as well as a return address. There is nothing on the envelope which would cause anyone looking at the envelope to believe that its contents related to the collection of a debt just as is required by Fair Debt Collection Practices Act ("FDCPA") at 15 U.S.C. section 1692f(8).

- Plaintiff received the validation letter but did not open it since it looked like "junk mail." (Complaint, ¶47) There was no response by Plaintiff to the validation letter since Plaintiff discarded the letter without reading it.

- Scott subsequently sent a letter dated April 29, 2024, to Plaintiff advising him that it intended to file a lawsuit against him as required by California law. (Complaint, ¶67) A copy of that letter is attached as Ex. D to the Complaint.

- That notice of intent to sue letter was sent in the envelope depicted in Ex. E attached to the Complaint. (Complaint, ¶47) As the Court can

-11-

BARRON & NEWBURGER, P.C.

readily see, the envelope displayed only Plaintiff's name and address as well as Scott's name and return address. There is nothing on the envelope which would cause anyone looking at the envelope to believe that its contents related to the collection of a debt, again as required by the FDCPA.

- Again, Plaintiff received the notice of intent to sue letter but did not open it since it looked like "junk mail." (Complaint, ¶47) There was no response by Plaintiff to the notice of intent to sue letter since Plaintiff discarded the letter without reading it.

- Scott then filed Underlying Lawsuit on behalf of its client, AIM to collect the debt. A copy of the Underlying Lawsuit is attached to the Complaint as Ex. F)

- Plaintiff filed a Motion to Compel Arbitration of the debt in the Underlying Lawsuit which was granted. (Request for Judicial Notice, Ex. 1 and 2)

## ARGUMENT

To survive a motion to dismiss for failure to state a claim, a plaintiff's complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). A "formulaic recitation of the elements of a cause of action will not do." *Id.* And the Court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litig*. 536 F.3d 1049, 1055 (9th Cir. 2008). Legal conclusions "must be supported by factual allegations," and the Court should begin by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v.*

-12-

*Iqbal*, 556 U.S. 678, 679 (2009). Further, the Court has discretion to dismiss a comlaint without leave to amend if amendment would be futile. *Airs Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc.,* 744 F.3d 595, 600 (9th Cir. 2014)

Here, the Court should exercise that discretion and dismiss Plaintiff's claims against Scott with prejudice because no amendment will cure the defects in the Complaint. Plaintiff's claims against Scott lack any merit and Plaintiff cannot allege facts supporting any of his claims against Scott.

**A. Plaintiff Has Failed to State a Viable Claim for Violations of 15 U.S.C. §1692g (First Cause of Action)**

Plaintiff alleges that Scott has violated 15 U.S.C. §1692g(a) by sending its validation notice to Plaintiff in "a single senderless envelope" with no follow up. There is no requirement under the FDCPA to send a follow-up letter to a validation letter where there has been no response to the original letter. Regardless, Plaintiff admits that he received the letter but deemed it to be "junk mail" and failed to open the letter. This cause of action has no merit.

It has long been the law in the Ninth Circuit that section 1692g(a) only requires that the validation notice be mailed; not that the debt collector must establish that it was actually received. "We hold that section 1692g(a) requires only that a Notice be 'sent' by a debt collector. A debt collector need not establish actual receipt by the debtor …. Nowhere does the statute require receipt of the Notice." *Mahon v. Credit Bureau, Inc.,* 171 F.3d 1197, 1201 (9th Cir. 1999)

Regardless, here Plaintiff admits to having received the validation letter but claims that he did not bother to open it since it looked like junk mail. Nowhere does Plaintiff allege that what should have been added to the envelope to get him to take

BARRON & NEWBURGER, P.C.

the time to open the letter.

Plaintiff's section 1692g(a) claim must be considered in the context of 15 U.S.C. §1692f(8) which prohibits debt collectors from "using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name, if such name does not indicate that he is in the debt collection business."

Thus, the FDCPA expressly prohibits a debt collector from including language on an envelope sent to a consumer that in any way identifies that the letter has anything to do with debt collection. Scott complied with the requirements of the FDCPA when it provided only a return address and not including any language suggesting that the validation letter was from a debt collector.

Section 1692f(8) requires that any letter from a debt collector must be packaged in a manner that is vanilla in appearance and not provide any hint that the letter contained inside the envelope involves debt collection issues. As a result, any letter from a debt collector is could be described as appearing as "junk mail" which courts have recognized. As discussed in *Strand v. Diversified Collection Servs.*, 380 F.3d 316, 319 (8th Cir. 2004):

> "Ms. Strand contends that, even if benign words and symbols do not violate the FDCPA, there is a triable issue as to whether the letters and symbols in this case were benign. As a matter of law, however, we conclude the language and symbols were benign because they did not, individually or collectively, reveal the source or purpose of the enclosed letters. Even from the perspective of an unsophisticated consumer, the envelopes must have appeared indistinguishable from the countless items of socalled junk mail found daily in mailboxes across the land."

-14-

BARRON & NEWBURGER, P.C.

Similarly, it was held in *Chavez v. MCS Claim Servs, Inc.*, 2016 U.S. Dist. LEXIS 37936 at *4 (E.D. N.Y. March 23. 2016) that

> "Plaintiff has failed to allege that the account number viewable from the glassine window contained any specific identifying information or that the account number looks any different from an account identifier on 'insurance policies, bank statements, subscription notices, or any of the other myriad junk mail communications that arrive in plain white envelopes with glassine windows on a daily basis in the mailboxes of America."

That Plaintiff may have elected not to open the validation letter from Scott is not Scott's responsibility. Scott complied with the requirements of section 1692f(8) by not displaying anything on the envelope that would alert third parties that the envelope contained a collection letter. There is no other manner in which Scott could have sent a validation letter to Plaintiff than the manner in which this validation letter was sent. "The FDCPA does not subject debt collectors to liability for bizarre, idiosyncratic, or peculiar misinterpretations." *Gonzales v. Arrow Fin. Serv., LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011)

**B. Plaintiff Has Failed to State a Viable Claim for Violations of 15 U.S.C. §1692e(10) or Cal. Civ. Code § 1788.10(f) (Second Cause of Action)**

To the extent that this claim incorporates any issues arising out of the use of a plain white envelope which does not evidence that the letter inside involves an important collection matter, Scott incorporates by reference its comments in section A. *supra*.

Plaintiff's claim that the notice of intent to sue letter constituted an intentional deception leading a least sophisticated consumer into "fearing imminent, baseless legal action" makes absolutely no sense. First, Plaintiff never opened the letter,

-15-

therefore, he could not have been deceived by the content of the letter. Second, and more importantly, the letter stated that Scott was intending to file a lawsuit regarding the debt and Scott did exactly that when it filed the Underlying Lawsuit against Plaintiff as alleged in the Complaint at paragraph 1.

Plaintiff's claim that the notice of intent to file a lawsuit violated Cal. Civ. Code, 1788.10(f) also makes no sense. Section 1788.10(f) provides that no debt collector may attempt to collect a debt by: "The threat to take any action against the debtor which is prohibited by this title." The Rosenthal Act does not prohibit debt collectors from filing a lawsuit to collect a debt.

## C. Plaintiff Has Failed to State a Viable Claim for Violations of 15 U.S.C. §1692f (Third Cause of Action)

This claim by Plaintiff asserts that filing and serving a lawsuit a few days before Christmas without providing a 1692g notice constitutes unfair or unconscionable means to collect a debt in violation of section 1692f. Again, to the extent that this claim asserts violations of 1692g, Scott incorporates by reference its discussion of the issue in section A., *supra*.

The court system does not shut down as the Christmas holidays approach. There is no authority for this claim.

## D. Plaintiff Has Failed to State a Viable Claim for Violations of Cal. Civ. Code § 1788.15(a) (Fourth Cause of Action)

Plaintiff claims that § 1788.15(a) prohibits debt collectors from filing lawsuits without proper advance notice, i.e. without serving a 1692g notice or proving debt ownership. Again, to the extent that this claim asserts violations of 1692g, Scott incorporates by reference its discussion of the issue in sections A. and B., *supra*.

The point of the Underlying Lawsuit was to establish Plaintiff's responsibility

BARRON & NEWBURGER, P.C.

for the debt and the amount of the debt. Plaintiff admits that he borrowed money from LendingClub Bank and he does not claim that he did not owe the debt in the Complaint. Furthermore, there can be no doubt that Plaintiff is responsible for the debt because he admits that the promissory note that is the subject of the Underlying Lawsuit is applicable to the debt. (Request for Judicial Notice, Ex. 2, pg. 4)

### E. Plaintiff Has Failed to State a Viable Claim for Violations of 15 U.S.C. §1692e(5) (Fifth Cause of Action)

15 U.S.C. 1692e(5) prohibits a debt collector from making a "threat to take any action that cannot legally be taken or that is not intended to be taken." Plaintiff alleges in this cause of action that Scott violated §1692e(5) by sending settlement emails threatening arbitration fees after prematurely filing the state court lawsuit. Again, to the extent that this claim asserts violations of 1692g, Scott incorporates by reference its discussion of the issue in sections A. and B., *supra*.

The settlement emails sent by Scott to Plaintiff that are attached as Exhibit G to the Complaint are not threatening but only seeks to settle the debt issues before the additional costs attributed to arbitration are incurred. There is nothing threatening in the email; Scott simply pointed out to Plaintiff that settlement becomes more difficult as the costs of litigation increase.

### F. Plaintiff Has Failed to State a Viable Claim for Violations of Cal. Civ. Code § 1788.13(e) (Sixth Cause of Action)

Plaintiff again alleges that the settlement email from Scott to Plaintiff violates the Rosenthal Act because the offers represented that Plaintiff was sent a validation notice and an intent to sue notice before filing the state court lawsuit which was not true. Again, to the extent that this claim asserts violations of 1692g, or violations of any requirements that Scott must provide notice of its intent to sue, Scott incorporates

BARRON & NEWBURGER, P.C.

by reference its discussion of the issues in sections A. and B., *supra*.

### G. Plaintiff Has Failed to State a Viable Claim for Violations of 15 U.S.C. §1692d (Seventh Cause of Action)

Plaintiff again bases this claim upon the Scott's purported conduct of not providing a validation notice or an intent to file the collection lawsuit. The lack of merit of these claims have been discussed in detail in sections A. and B., *supra*.

### H. Plaintiff Has Failed to State a Viable Claim for Violations of Cal. Civ. Code § 1788.17 (Eighth Cause of Action)

This cause of action for violations of the Rosenthal Act simply incorporates Plaintiff's FDCPA claims that have been discussed in the various sections, *supra*, and are incorporated by reference.

### I. Plaintiff Has Failed to State a Viable Claim for Intentional Infliction of Emotional Distress (Ninth Cause of Action)

"To state a cause of action for intentional infliction of emotional distress a plaintiff must show: (1) outrageous conduct by the defendant; (2) the defendant's intention of causing or reckless disregard of the probability of causing emotional distress; (3) the plaintiff's suffering severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Yau v. Santa Margarita Ford, Inc.* (2014) 229 Cal.App.4th 144, 160.

However, for the sake of argument, even if it is assumed that Scott knew that it was violating the FDCPA or the Rosenthal Act, that conduct without more cannot form a basis for a claim of intentional infliction of emotional distress. See, for example, the plaintiff's claim in *Nogali v. Transcon Fin., Inc.*, 2015 U.S. District LEXIS 199748 at *43-44 (C.D. Cal. Aug. 12, 2015) where plaintiff's "IIED claim

-18-

BARRON & NEWBURGER, P.C.

stems from Transcon's use of her medical records and personal information as 'leverage to collect upon the alleged debt; and by 'by failing to honor [plaintiff's] requests to cease contact," it was held that "[t]his conduct is not 'extreme or outrageous' as a matter of law."

The *Nogali* court cited to *Townsend v. Chase Bank USA, N.A.,* 2009 U.S. Dist. LEXIS 13116, (C.D. Cal. Feb. 15, 2009), when reaching its opinion that the debt collectors conduct did not rise to the level of intentional infliction of emotional distress. In *Townsend* as described by the *Nogali* court: "several collection letters and a threat to report a non-existent debt to credit bureaus was not outrageous." The *Townsend* court itself held on a motion to dismiss:

> "Here, Plaintiff fails to allege facts showing extreme and outrageous conduct. While the collection activities pursued against him undoubtedly cause Plaintiff significant stress, the Court cannot find that, under the facts alleged by Plaintiff, any of the defendants in this case engaged in conduct so extreme as to exceed all bound of conduct usually tolerated in a civilized community. Plaintiff acknowledges that 'each individual act may seem small,' but asserts that 'the totality of the continuing harassment, over an extend period of time is clearly something that rises to the level where a person of reasonably 9sic0 sensibilities would say it is outrageous…The Court cannot agree."
> *Id*. at *19-20.

Similarly, in *Sport Collectors Guild Inc. v. Bank of Am. NA*, 2018 U.S. Dist. LEXIS 228628 at *14 (D.C. Ariz. Jan. 4, 2018), the court held: "Bank of America's submission of the SBA-ineligible loan for repayment, knowing this action would subject Plaintiffs to debt collection, is insufficient to state a claim for intentional infliction of emotional distress. Cases where courts have found a debt-collector intentionally inflicted emotional distress in an effort to collect a non-existent debt

BARRON & NEWBURGER, P.C.

generally involved repeated debt collection attempts stretched over a a prolonged period of time, often accompanied by invasions of privacy, threats, or atrocious language."

Here, even if there is a valid dispute regarding Scott's conduct, that dispute comes nowhere near the level of behavior that is necessary to support a claim of intentional infliction of emotional distress even if that conduct is somehow deemed to be wrongful.

### J. A Claim for Punitive Damages is Not the Basis for a Cause of Action (Tenth Cause of Action)

"A claim for punitive damages cannot stand alone. It cannot form the basis itself for a cause of action." *Irish v. Magnussen Home Furnishings, Inc*., 2018 U.S. Dist. LEXIS 227985 at *23, (C.D. Cal. April 24, 2018)

### CONCLUSION

Plaintiff has failed to state any facts supporting a claim for any of the causes of action alleged in his Complaint and it is unclear how Plaintiff could ever state any facts that would justify his claims. Accordingly, it is requested that this Motion be dismissed without leave to amended.

Dated:  May 15, 2025

**BARRON & NEWBURGER, P.C.**

By:_____/s/ Timothy Johnson_____
       TIMOTHY P. JOHNSON
       Attorneys for Defendant
       Scott & Associates, PC

# CERTIFICATE OF SERVICE

I, Timothy P. Johnson, do hereby certify that the Motion to Dismiss the Complaint by Defendant Scott & Associates, PC and [Proposed] Order were served this 15th day of May, 2025, on all parties and counsel of record via the Court's ECF system.

_/s/Timothy Johnson_____
TIMOTHY P. JOHNSON

MOTION TO DISMISS                                      25-cv-03566-CRB