IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LAZZARO,<br><br>Plaintiff,<br><br>v.<br><br>ACCELERATED INVENTORY MANAGEMENT, LLC, et al.,<br><br>Defendants. | Case No. 25-cv-03566-CRB<br><br>**ORDER DENYING MOTION FOR DEFAULT JUDGMENT; GRANTING MOTION TO SET ASIDE DEFAULT** |

Plaintiff Christopher Lazzaro sued Defendants Accelerated Inventory Management, LLC; Scott & Associates; and Robert Kavyon for violations of the Fair Debt Collection Practices Act and California law in their attempts to collect on a debt that Lazzaro owed. See Compl. (dkt. 1). AIM and Scott filed motions to dismiss, which this Court granted. MTD Order (dkt. 47).

Because Lazzaro was initially unable to serve Kavyon, the Court granted Lazzaro's motion for alternative means of service. Order re Alt. Serv. (dkt. 15). Lazzaro then served Kavyon, see Cert. of Serv. (dkt. 26), but Kavyon did not timely file an answer or a responsive motion. Accordingly, Lazzaro moved for an entry of default (dkt. 35), and the Clerk entered default against Kavon (dkt. 36). Lazzaro then moved for default judgment. Default Judgment Mot. (dkt. 37).

Eight days after the Clerk entered default against Kavyon, an attorney from Barron & Newburger PC—who also represents Scott & Associates in this case—noticed her appearance on behalf of both Scott and Kavyon. Dkt. 44. (Her colleague, Timothy Johnson, had already appeared on behalf of Scott. Scott MTD (dkt. 16) at 1.) Two weeks

then passed before she filed, on behalf of Kavyon, a motion to set aside the entry of default. Mot. to Set Aside (dkt. 48).

Pursuant to Civil Local Rule 7-1(b), the Court finds the pending motions suitable for resolution without argument. The Court begins with Kavyon's motion to set aside the entry of default. Federal Rule of Civil Procedure 55(c) permits the Court to set aside the entry of default upon a finding of good cause. In determining whether good cause exists, the Court considers three factors: "'(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; [and] (3) whether reopening the default judgment would prejudice' the other party." United States v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) (citation omitted) (cleaned up). "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984).

All three factors favor setting aside the entry of default.

First, Kavyon did not "act[] with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'" Signed Personal Check No. 730, 615 F.3d at 1092. Though Kavyon's counsel could and should have been more diligent—the docket is clear that Lazzaro served Kavyon four days before Scott filed its reply brief—"simple carelessness is not sufficient to treat a negligent failure to reply as inexcusable." Id. (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 388, 394–95 (1993)). Moreover, Mr. Johnson submitted a sworn declaration describing emergency medical procedures that he underwent around the time that Kavyon should have responded to Lazzaro's complaint. See Johnson Decl. (dkt. 48-1). Lazzaro contends that Kavyon and his lawyers' conduct constitutes "calculated inaction" and "deliberate delay," Opp. (dkt. 54) at 1–2, yet his assertions find no support in the record. At bottom, the question is whether there is an explanation that is "inconsistent with a devious, deliberate, willful, or bad faith failure to respond." TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 698 (9th Cir. 2001). If, as here, there is a

reasonable explanation—a medical emergency and mere carelessness—default should be set aside.

Second, Kavyon has a potentially meritorious defense. Lazzaro's allegations against Kavyon are materially similar to his allegations against AIM and Scott—allegations that the Court found legally insufficient to state a claim. MTD Order at 4–6. The Court does not purport to determine right now whether a potential motion to dismiss by Kavyon would succeed, but the fact that Lazzaro's complaint was found deficient as against Kavyon's co-defendants suggests that Kavyon may have a meritorious defense.

Third, Lazzaro would not be prejudiced by setting aside the entry of default. Prejudice requires "greater harm than simply delaying resolution of the case." Signed Personal Check No. 730, 615 F.3d at 1095. Rather, a party's "ability to pursue [its] claim [must] be hindered." Falk, 739 F.2d at 463. Lazzaro does not explain how this could be so here, especially given that it is questionable that he even has a viable claim against Kavyon in the first place.

Thus, the Court concludes that there is good cause to set aside the entry of default.[1] On the same grounds, the Court also concludes that this case does not present the kind of "extreme circumstances" that would warrant default judgment. Falk, 739 F.2d at 463.

For the foregoing reasons, the Court **GRANTS** Kavyon's motion to set aside the entry of default and **DENIES** Lazzaro's motion for default judgment.

**IT IS SO ORDERED.**

Dated: July 31, 2025

CHARLES R. BREYER
United States District Judge

---

[1] Kavyon points out the irony that he faces consequences for his own inattentiveness, which led him to miss Defendants' debt-collection notice, but that Kavyon's (or his counsel's) inattentiveness does not carry any lasting consequences here. Opp. at 3–4. This is not lost on the Court. But the legal standards for a sufficient notice of debt collection under the Fair Debt Collection Practices Act are simply different from those for setting aside an entry of default; as the Ninth Circuit has instructed, courts should be hesitant to maintain default absent a showing of bad faith, lack of meritorious defense, or prejudice. Signed Personal Check No. 730, 615 F.3d at 1091. That framework requires the Court to set aside the entry of default here.

3