IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LAZZARO,<br><br>Plaintiff,<br><br>v.<br><br>ACCELERATED INVENTORY MANAGEMENT, LLC, et al.,<br><br>Defendants. | Case No. 25-cv-03566-CRB<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Plaintiff Christopher Lazzaro alleges that Defendant Robert Kavyon (along with his co-defendants Accelerated Inventory Management, LLC and Scott & Associates) violated the Fair Debt Collection Practices Act and California law in his attempt to collect on a debt that Lazzaro owed. Kavyon moves to dismiss on essentially the same grounds on which the Court dismissed Lazzaro's claims against AIM and Scott. See Kavyon MTD (dkt. 58); MTD Order (dkt. 47). The Court finds the matter suitable for resolution without oral argument under Civil Local Rule 7-1(b) and vacates the hearing set for October 3, 2025.

The Court provided the relevant factual and procedural background in its order on AIM and Scott's motions to dismiss. See MTD Order at 1–3. The Court then concluded that the February 2024 debt collection notice that Lazzaro received was proper under federal and state law, id. at 4–5; that a disclaimer in the same was not misleading under federal or state law, id. at 5–6; and that AIM and Scott did not harass Lazzaro by serving him with his state-court lawsuit shortly before Christmas 2024, id. at 6. Lazzaro does not explain why any of these legal determinations would not apply to Kavyon; rather, he repeats his arguments, which this Court has already rejected, that Defendants should have

followed up with him more often and more clearly than they did. See MTD Opp. (dkt. 59) at 8–10.

Lazzaro newly suggests that all Defendants violated California Civil Code § 1788.52 by failing to provide a written notice of Lazzaro's right to inquire as to the basis for the debt. Id. at 3–4. Lazzaro never cited § 1788.52 in his complaint, and the Court did not address it with respect to AIM or Scott. That said, the February 2024 debt collection notice—which Lazzaro attached to his complaint and which the Court already concluded was properly sent—did contain the notice required by § 1788.52(d). See Feb. 2024 Letter (dkt. 1-2, Ex. B) at 2. The Court therefore does not credit, nor does it grant leave to amend on, Lazzaro's new assertions under § 1788.52. Moreover, though it is irrelevant to the question of whether Defendants complied with § 1788.52, Lazzaro's new assertion that he "challenged the validity of the debt repeatedly prior to the filing [of] this action," MTD Opp. at 6 (citing Compl. (dkt. 1) ¶¶ 52–55), is not borne out by the allegations in his complaint, see Compl. ¶¶ 52–55 (contending that the California debt collection action was premature for reasons addressed in the Court's prior order).

Accordingly, the Court **GRANTS** Kavyon's motion to dismiss with prejudice, except as described in the Court's prior order with respect to AIM and Scott. See MTD Order at 6–7. If Lazzaro wishes to file an amended complaint against any Defendants, he must do so by Friday, October 3, 2025.

**IT IS SO ORDERED.**

Dated: September 4, 2025

CHARLES R. BREYER
United States District Judge