1  TIMOTHY P. JOHNSON (BAR NO. 66333)
2  BARRON & NEWBURGER, P.C.
3  1970 OLD TUSTIN AVENUE, SECOND FLOOR
   SANTA ANA, CALIFORNIA  92705
4  TELEPHONE:  (714) 832-1170
   E-MAIL:  tjohnson@bn-lawyers.com
5
6  Attorneys for Defendants Scott & Associates, PC and Robert Kayvon II

7

8

9              UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11              SAN FRANCISCO DIVISION

12

13

14

15  CHRISTOPHER LAZZARO,                    Case No. 3:25-cv-03566-CRB
16
17         Plaintiff,
                                            **DEFENDANTS SCOTT &**
18     vs.                                  **ASSOCIATES, PC AND ROBERT**
                                            **KAYVON II'S MOTION TO DISMISS**
19                                          **FIRST AMENDED COMPLAINT;**
                                            **[PROPOSED] ORDER**
20  ACCELERATED INVENTORY
    MANAGEMENT, LLC;                         Date:   December 19, 2025
21  SCOTT & ASSOCIATES, P.C., and            Time:  10:00 a.m.
22  ROBERT KAYVON II                         Courtroom: 6, 17th Floor
                                             Judge:  Hon. Charles R. Breyer
23         Defendants.

24

25

26

27

28
                                    -1-
MOTION TO DISMISS FAC                              25-cv-03566-CRB

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Scott & Associates, PC and Robert Kayvon II hereby:

(1) moves this Court for an order granting dismissal with prejudice of the First Amended Complaint filed October 3, 2025, by Plaintiff Christopher Lazzaro and (2) notices this matter for hearing on December 19, 2025, at 10:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 6 on the 17th Floor of the United States District Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102,

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Scott & Associates, PC ("Scott") and Robert Kayvon II ("Kayvon") (jointly "Defendants") moves to dismiss Plaintiff Christopher Lazzaro's ("Plaintiff") First Amended Complaint. As set forth in the accompanying Memorandum of Points and Authorities in support of Defendants' Motion to Dismiss, Plaintiff fails to allege any facts supporting a reasonable inference that Defendants violated the Fair Debt Collection Practices Act or the Rosenthal Fair Debt Collection Practices Act. The flaws in Plaintiff's First Amended Complaint are fatal to his claims and no amendment or repleading can cure these defects. Accordingly, the First Amended Complaint should be dismissed with prejudice as to Defendants.

The grounds for this motion are fully set forth in Defendants' accompanying brief in support of its motion to dismiss, and a proposed order is attached.

Dated:  October 17, 2025

**BARRON & NEWBURGER, P.C.**

By:_____/s/ Timothy Johnson_____
        TIMOTHY P. JOHNSON
        Attorneys for Defendants
        Scott & Associates, PC and
        Robert Kayvon II

BARRON & NEWBURGER, P.C.

TIMOTHY P. JOHNSON (BAR NO. 66333)
BARRON & NEWBURGER, P.C.
1970 OLD TUSTIN AVENUE, SECOND FLOOR
SANTA ANA, CALIFORNIA  92705
TELEPHONE:  (714) 832-1170
E-MAIL:  tjohnson@bn-lawyers.com

Attorneys for Defendants Scott & Associates, PC and Robert Kayvon II

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHER LAZZARO, | Case No. 3:25-cv-03566-CRB |
| Plaintiff, | |
| vs. | **DEFENDANTS SCOTT & ASSOCIATES, PC AND ROBERT KAYVON II'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS FIRST AMENDED COMPLAINT** |
| ACCELERATED INVENTORY MANAGEMENT, LLC; SCOTT & ASSOCIATES, P.C., and ROBERT KAYVON II | |
| Defendants. | Date:  _December 19, 2025 Time:  10:00 a.m. Courtroom: 6, 17th Floor Judge:  Hon. Charles R. Breyer |

BARRON & NEWBURGER, P.C.

1

2

## <u>TABLE OF CONTENTS</u>

3

4

**INTRODUCTION**……………………………………………………....**8**

5

6

**STATEMENT OF ISSUES**………………………...………………..…….....**9**

7

**ARGUMENT**…………………..………...……..……………………..……**10**

8

9

**I.   THIS AMENDED COMPLAINT IS BARRED BY RES JUDICATA**….....**10**

10

11

**II.    PLAINTIFF HAS FAILED TO STATE A VIABLE CLAIM**

12

  **FOR ANY VIOLATIONS OF 15 U.S.C. §1692e OF**

13

  **THE FDCPA (Count I of the FAC)**……………………………..……..**11**

14

15

  **A.  Defendants Did Not Violate the FDCPA By Seeking a Recovery**
     **of   Prejudgment Interest**…………………………..…………...……**11**

16

17

  **B.   Defendants Did Not Violate the FDCPA By the**
     **Change in Interest Amounts.** ……………………………………**12**

18

19

  **C.    Plaintiff Did Not Violate the FDCPA By Providing**
     **Notice Pursuant to California Civil Code § 1788.14.5**……………**13**

20

21

**III.    PLAINTIFF HAS FAILED TO STATE A VIABLE CLAIM**

22

  **FOR ANY VIOLATIONS OF 15 U.S.C. §1692f OF THE**

23

  **FDCPA (Count II of the FAC)**……………………………… …..……**13**

24

25

**IV.   PLAINTIFF MAKES NO CLAIM AGAINST DEFENDANTS**

26

  **FOR VIOLATIONS OF THE FDBPCA (Count III of the FAC)**………..**14**

27

28

MOTION TO DISMISS FAC                25-cv-03566-CRB

B A R R O N  &  N E W B U R G E R ,  P . C .

**V.      PLAINTIFF's CLAIMS AGAINST DEFENDANTS**

**BASED ON ALLEGED VIOLATIONS OF CALIFORNIA**

**CIVIL CODE §1788.13 ARE DERIVATIVE OF HIS**

**CLAIMS BASED ON VIOLATIONS OF 15 U.S.C. §1692e**

**AND 15 U.S.C. §1692f OF THE FAC IN COUNTS 1 AND 2**

**(Count IV and Count V of the FAC)**…………………………………......14

**VI.     CONCLUSION**………………………………………………....…15

MOTION TO DISMISS FAC                                    25-cv-03566-CRB

1

## **TABLE OF AUTHORITIES**

2

**Cases**

3

4

*Airs Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc.,*
        744 F.3d 595 (9th Cir. 2014)……………………………………………….10

5

6

*Ashcroft v. Iqbal*,
        556 U.S. 678 (2009)………………………………………………………..10

7

*Bell Atlantic Corp. v. Twombly*,
        550 U.S. 554 (2007)………………………………………………………..10

8

9

*Diaz v. Kubler Corp*.,

10

        785 F.3d 1326 (9th Cir. 2015)………………………..……………………..12

11

*Frost v. Resurgent Capital Servs. L.P.,*
        2016 U.S. Dist. LEXIS 83317 (N.D. Cal. June 27, 2016)…………...……..11

12

13

*Gold v. Midland Credit Mgmt.*
        82 F.Supp.3d 1064 (N.D. Cal. 2015)………………………………………12

14

15

*In re Gilead Sciences Securities Litig*.
        536 F.3d 1049 (9th Cir. 2008)……………………………………………....10

16

17

*In re Marino,*
        181 F.3d 1142 (9th Cir. 1999)……………………………………………..11

18

*Joseph v. Am. Gen. Life Ins. Co*.,
        495 F.Supp.3d 953 (S.D. Cal. 2020)…………..…………………………..11

19

20

*Ross v. Intl. Broth. of Elect. Workers*,
        634 F.2d 453 (9th Cir. 1980)……………………………………………….11

21

22

*Tourgeman v. Collins Financial Services, Inc.*
        755 F.3d 1109 (9th Cir. 2014)………………………..……………………..12

23

24

25

26

27

28

MOTION TO DISMISS FAC                                    25-cv-03566-CRB

BARRON & NEWBURGER, P.C.

**Statutes**

15 U.S.C. §1692e……………………………………………………...…11, 12

15 U.S.C. §1692f……………………………………………………...…..12, 13, 14

15 U.S.C. §1692g………………..…………..…….…………….……...8, 9

FRCP 12(b)(6)…………………………………………………………….11

Civil Code, §1788.13……………..…….…….……………….…...……14

Civil Code, §1788.45.5……………..…….…….……………….…………13

MOTION TO DISMISS FAC                                    25-cv-03566-CRB

1
2
3

**DEFENDANTS SCOTT & ASSOCIATES, PC AND ROBERT KAYVON'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS FIRST AMENDED COMPLAINT**

4

## INTRODUCTION

5
6
7
8
9
10
11
12
13

This case arises out of a loan obtained by Plaintiff Christopher Lazzaro ("Plaintiff") from LendingClub Bank that he failed to repay. After he failed to repay the debt, LendingClub Bank assigned the debt to Defendant Accelerated Inventory Management, LLC ("AIM"). AIM subsequently hired Defendant Scott & Associates, PC ("Scott") to collect the debt. Robert Kayvon II ("Kayvon") who is an attorney employed by Scott was assigned responsibility for the handling of Plaintiff's account by Scott. Scott eventually filed a lawsuit on behalf of AIM against Plaintiff in the Sonoma Superior Court to satisfy the debt (the Underlying Lawsuit").

14
15
16
17

Plaintiff does not claim in his original or First Amended Complaint ("FAC") that he does not owe the debt or why he failed to repay the debt. Instead, he has filed this lawsuit against AIM, Scott and Kayvon asserting a variety of claims arising from the collection of Plaintiff's debt owed to AIM. None of these claims has any merit.

18
19
20
21

Motions to Dismiss Plaintiff's Complaint by AIM, Scott, and Kayvon were sustained essentially without leave to amend although the Court's ruling as to Kayvon's Motion to Dismiss suggested the possibility of filing an amended complaint.

22
23
24
25
26
27

Plaintiff claimed in his Complaint that he was not sent an initial validation letter pursuant to 15 U.S.C. §1692g by Scott (Complaint, ¶1 "Defendants failed to provide the legally required notice pursuant to 15 U.S.C. §1692g(a)…") But Plaintiff then acknowledges that he received the §1692g notice but discarded it without opening it since it did not contain "sender identification" on the face of the envelope

28

MOTION TO DISMISS FAC                                                    25-cv-03566-CRB

BARRON & NEWBURGER, P.C.

in which the letter was sent. (Complaint ¶46) However, this Court ruled with regarding to the motion to dismiss by Scott with regard to the February 2024 letter sent by Defendants Scott and Kayvon (jointly "Defendants") to Plaintiff as follows:

"The Fair Debt Collections Practices Act requires debt collectors to send consumers written notice of the amount of debt owed and the name of the creditor, along with an explanation of the consumer's right to dispute the debt, the procedure for doing so, and the consequences of failing to do so. 15 U.S.C. § 1692g(a). Scott sent Lazzaro a letter in February 2024 that contained the statutorily prescribed language." [Docket No. 47, page 4, lines 9-13]

Now in his FAC, Plaintiff alleges that Defendants did not send him documents required by the Fair Debt Buying Practices Act ("FDBPCA") but the FDBPCA does not apply to Defendants because Defendants did not purchase his debt but are only debt collectors. (FAC, ¶¶5 and 6) Defendants' obligations to provide notice to Plaintiff regarding his debt and how to investigate the basis for his debt were provided to Plaintiff in their February 24, 2024, letter to him. Plaintiff nowhere in his FAC alleges that he made a timely request—within 30 days of his receipt of the § 1692g(a) letter—to request documents from Defendants. Instead, his FAC repeatedly claims that he did not receiving documents requested pursuant to § 1788.52 of the FDBPCA. Those requests did not apply to Defendants because they are not debt buyers but only debt collectors. (See, for example, ¶15 of the FAC).

## STATEMENT OF ISSUES

Whether Defendants violated the FDCPA through "false and misleading and misleading representations and unfair practices and claimed violations of the FDBPCA; and whether Defendants violated the FDBPCA. (See, FAC, ¶ 2).

BARRON & NEWBURGER, P.C.

## ARGUMENT

To survive a motion to dismiss for failure to state a claim, a plaintiff's complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). A "formulaic recitation of the elements of a cause of action will not do." *Id.* And the Court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litig*. 536 F.3d 1049, 1055 (9th Cir. 2008). Legal conclusions "must be supported by factual allegations," and the Court should begin by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 678, 679 (2009). Further, the Court has discretion to dismiss a complaint without leave to amend if amendment would be futile. *Airs Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc.,* 744 F.3d 595, 600 (9th Cir. 2014)

Here, the Court should exercise that discretion and dismiss Plaintiff's claims against Defendants with prejudice because no amendment will cure the defects in the FAC. Plaintiff's claims against Defendants lack any merit and Plaintiff cannot allege facts supporting any of his claims against Defendants.

## I.     THIS AMENDED COMPLAINT IS BARRED BY RES JUDICATA.

As is noted by AIM in its Motion to Dismiss, this FAC is barred by res judicata because Plaintiff's original Complaint was dismissed with prejudice not only as to AIM, but also as to these moving Defendants.

Defendants adopt AIM's moving papers on this issue including, but not limited to, AIM's argument as follows:

"'[A] dismissal with prejudice bars any further action between the parties on

the issues subtended by the case.' *In re Marino,* 181 F.3d 1142, 1144 (9th Cir. 1999). 'Dismissing a case with prejudice pursuant to FRCP 12(b)(6) is a final judgment on the merits.' *Joseph v. Am. Gen. Life Ins. Co*., 495 F.Supp.3d 953, 961 (S.D. Cal. 2020) aff'd, No. 20-56213, 2021 WL 3754613, (9th Cir. Aug. 25, 2021). 'The doctrine of res judicata operates to bar all grounds for recovery which *could have been asserted whether they were or not*, in a prior suit between the parties (or their privies on the same cause of action if the prior suit concluded in a final judgment on the merits rendered by a court of competent jurisdiction.' *Ross v. Intl. Broth. of Elect. Workers*, 634 F.2d 453, 457 (9th Cir. 1980) (emphasis added.) Under federal law, 'for res judicata to apply there must be: (1) identity of claims; (2) final judgment on the merits; and (3) identity or privity between parties.' *Joseph*, 495 F.Supp.3d at 958."

As AIM demonstrated in its brief in support of its Motion to Dismiss the FAC, the three categories for res judicata to apply fit the facts of this case. Accordingly, Defendants incorporate AIM's arguments that this FAC is barred by res judicata.

## II.    PLAINTIFF HAS FAILED TO STATE A VIABLE CLAIM FOR ANY VIOLATIONS OF 15 U.S.C. §1692e OF THE FDCPA (Count I of the FAC)

### A.    Defendants Did Not Violate the FDCPA By Seeking a Recovery of Prejudgment Interest.

Plaintiff alleges that Defendants have violated 15 U.S.C. §1692e by seeking interest on Plaintiff's debt without sending him a copy of the contract providing for post-charge-off interest. There is no obligation that Plaintiff must be supplied with a contract providing for prejudgment interest. Prejudgment interest is provided in California where the debt is capable of being made certain by calculation. *Frost v. Resurgent Capital Servs. L.P.,* 2016 U.S. Dist. LEXIS 83317 at *6 (N.D. Cal. June

BARRON & NEWBURGER, P.C.

27, 2016)

"A debt collector does not violate the FDCPA if the amount it seeks is authorized by state law." *Diaz v. Kubler Corp*., 785 F.3d 1326, 1328 (9th Cir. 2015).

AIM was entitled to recover pre-judgment interest on the debt that is the subject of this case based on a promissory note that is certainly capable of being made certain by calculation. See: FAC, ¶20 where Plaintiff admits to being in possession of the promissory note.

**B.  Defendants Did Not Violate the FDCPA By the Change in Interest Amounts.**

Plaintiff alleges that the varying amounts of interest being sought would have misled the least sophisticated consumer. On the contrary, the courts in the Ninth Circuit have rejected such claims where the varying amounts of the debt being sought are not material. Here, Plaintiff states that the debt amounts in 2024 varied from $4,362.04 (February) to $4,350.94 (March) to $4,306.54 (December) and that in 2025, the amounts claimed were $4,604.44 (July) and $4,610.39 (August) and that those variations violated the FDCPA.  See:  FAC ¶¶13 to 17; ¶¶30-31.

Those interest changes decreased approximately $50 from February to December 2024 and approximately $6.00 from July to August 2025, and are not material variations.

"False but non-material representations are not likely to mislead the least sophisticated consumer and therefore are not actionable under ¶¶1692e or 1692f." *Gold v. Midland Credit Mgmt.*82 F.Supp.3d 1064, 1075 (N.D. Cal. 2015)

As stated in *Tourgeman v. Collins Financial Services, Inc.* 755 F.3d 1109, 1119 (9th Cir. 2014): "[i]n assessing FDCPA liability, we not concerned with mere technical falsehoods that mislead no one, but instead with genuinely misleading

BARRON & NEWBURGER, P.C.

statements that may frustrate a consumer's ability to intelligently choose his or her response."

The different interest amounts are de minimis and are not material violations subject to the FDCPA.

**C.    Plaintiff Did Not Violate the FDCPA By Providing Notice Pursuant to California Civil Code § 1788.14.5.**

Plaintiff claims that Defendants' notice pursuant to §1788.14.5 violates the FDCPA since Defendants should have instead provided notice pursuant to the FDBPCA. This claim ignores again the fact that Defendants are not subject to the FDBPCA because Defendants are not debt buyers.

The underlying lawsuit in California superior court was to establish Plaintiff's responsibility for the debt and the amount of the debt. Plaintiff admits that he borrowed money from LendingClub Bank and he does not claim that he did not owe the debt in the Complaint. Furthermore, there can be no doubt that Plaintiff is responsible for the debt because he admits that his promissory note to Lending Club Bank that is the subject of the state court lawsuit is applicable to the debt.  (Request for Judicial Notice, Ex. 2, pg. 4)

**III.    PLAINTIFF HAS FAILED TO STATE A VIABLE CLAIM FOR ANY VIOLATIONS OF 15 U.S.C. §1692f OF THE FDCPA (Count II of the FAC)**

Plaintiff claims that Defendants filed an amended complaint in the state court matter after his motion to compel arbitration was granted including the stay in the state court case. Whatever occurred in the state court action can be resolved by the state court and should not be the subject of this Court's processes. There is no explanation how the filing of an amended complaint in the state court action could have violated the FDCPA.

-13-

BARRON & NEWBURGER, P.C.

Similarly, Plaintiff claims that Defendants violated the FDCPA by "pressuring arbitration with fee interest threats …without producing the contract or records is unfair and unconscionable under §1692f. Plaintiff admits that he had the promissory note in his possession since AIM had included it in the complaint filed in the state court action. See: FAC, ¶20. If there was any issue regarding the right to interest, it would be covered by the promissory note, but Plaintiff makes no claim that the interest rate being charged is not consistent with the promissory.

Finally, Plaintiff claims that further attempts by Defendant to collect the debt after he requested records from AIM pursuant to the FDBPCA was unconscionable and unfair. Again, the FDBPCA does not apply to Defendants since they are not debt buyers.

## IV.    PLAINTIFF MAKES NO CLAIM AGAINST DEFENDANTS FOR ANY VIOLATIONS OF THE FDBPCA (Count III of the FAC).

Plaintiff only alleges claims against AIM pursuant to the FDBPCA **which confirms that Plaintiff's allegations deriving from the FDBPCA are not being asserted by Plaintiff against Defendants**.

## V.    PLAINTIFF's CLAIMS AGAINST DEFENDANTS BASED ON ALLEGED VIOLATIONS OF CALIFORNIA CIVIL CODE §1788.13 ARE DERIVATIVE OF HIS CLAIMS BASED ON VIOLATIONS OF 15 U.S.C. §1692e AND 15 U.S.C. §1692f OF THE FAC IN COUNTS 1 AND 2 (Count IV and Count V of the FAC).

The claims alleged by Plaintiff in Counts IV and V of the FAC are derivative of those contained in Counts I and II of the FAC. Accordingly, Defendants incorporate by reference their arguments regarding Count I and II of the FAC.

MOTION TO DISMISS FAC                                    25-cv-03566-CRB

BARRON & NEWBURGER, P.C.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BARRON & NEWBURGER, P.C.

## VI.    CONCLUSION

The FAC is barred by res judicata since the Complaint in this case was granted to both Defendant Scott & Associates, PC and Defendant Robert Kayvon II with prejudice.

Regardless, Plaintiff has failed to state any facts supporting a claim for any of the causes of action alleged in his FAC and it is unclear how Plaintiff could ever state any facts that would justify his claims against Defendant Scott & Associates, PC and Defendant Robert Kayvon II for any violations of the FDCPA. Accordingly, it is requested that this Motion be dismissed without leave to amended.

Dated:  October 17, 2025

**BARRON & NEWBURGER, P.C.**

By:_____/s/ Timothy Johnson_____
TIMOTHY P. JOHNSON
Attorneys for Defendants
Scott & Associates, PC and
Robert Kayvon II

MOTION TO DISMISS FAC                                   25-cv-03566-CRB

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BARRON & NEWBURGER, P.C.

## **CERTIFICATE OF SERVICE**

I, Timothy P. Johnson, do hereby certify that the Motion to Dismiss the First Amended Complaint by Defendants Scott & Associates, PC and Robert Kayvon II and the [Proposed] Order were served this 17th day of October, 2025, on all parties and/or counsel of record via the Court's ECF system.

    _/s/*Timothy Johnson*_____
    TIMOTHY P. JOHNSON