IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER LAZZARO,

Plaintiff,

v.

ACCELERATED INVENTORY
MANAGEMENT, LLC, et al.,

Defendants.

Case No.  25-cv-03566-CRB

**ORDER GRANTING MOTIONS TO DISMISS IN PART**

This is Plaintiff Christopher Lazzaro's second round in his efforts to sue Defendants Accelerated Inventory Management, LLC ("AIM"), Scott & Associates, and Robert Kayvon (collectively, "Defendants") for allegedly violating the Fair Debt Collection Practices Act ("FDCPA") and California law based on their efforts to collect on his debt. All defendants moved to dismiss.  Defendants' central argument is that Lazzaro's amended complaint is barred by res judicata, as the Court had previously dismissed certain claims with prejudice.  AIM rests its motion solely on this ground.  AIM Mot. (dkt. 64).  Scott & Associates and Kayvon (collectively, "Lawyer Defendants") also challenge the claims against them.  LD Mot. (dkt. 65).  The Court **GRANTS** AIM's motion in part.  The Court also **GRANTS** the Lawyer Defendants' motion in part.[1]

**A.    Res Judicata**

At the outset, Defendants are wrong that Lazzaro's entire amended complaint is barred by res judicata.  The Court was explicit that only Lazzaro's "notice-based claims"

---

[1] Pursuant to Civil Local Rule 7-1(b), the Court determines that these motions are suitable for resolution without oral argument.  The Court presumes familiarity with the factual allegations and applicable law.

stemming from the February 2024 letter were to be dismissed with prejudice.  AIM and Scott Order (dkt. 47) at 6; Kayvon Order (dkt. 62) at 2.  That is why the Court allowed Lazzaro "to file an amended complaint against any Defendants."  Kayvon Order at 2.  Accordingly, Defendants cannot rely on res judicata to dismiss the complaint wholesale.  Res judicata only applies to the extent that any of Lazzaro's claims are still premised on the February 2024 letter.  Nevertheless, the Court does grant AIM's motion as to Count III, which is based on Cal. Civ. Code § 1788.52 and brought against AIM only.  The Court had already denied Lazzaro "leave to amend . . . under § 1788.52."  Id.  Because Lazzaro's inclusion of Count III violates the Court's prior order, dismissal is appropriate.

### B.    Count I – False, Deceptive, or Misleading Representations (15 U.S.C. § 1692e)

Lazzaro brings claims for three purported false or misleading representations: (1) a failure to provide the agreement referenced in a March 13, 2025 email regarding interest, (2) inconsistent balances among communications to Lazzaro, and (3) a misleading notice in the February 2024 letter.  FAC (dkt. 63) ¶¶ 35–37.  The claim based on notice in the February 2024 letter fails at the gate because it is barred by res judicata.

On the alleged failure to provide the referenced agreement in the March email, Lazzaro argues that Defendants were required to provide "authorization" to legally collect.  LD Opp'n (dkt. 67).  But as the Lawyer Defendants point out, Lazzaro already had the required documentation: the promissory note.  LD Reply (dkt. 70) at 4; see FAC ¶ 20 (alleging that Lazarro had received the promissory note).  And the law does not require the Lawyer Defendants to keep providing documentation in follow-up communications.  Cf. Pressley v. Cap. Credit & Collection Serv., Inc., 760 F.2d 922, 925 (9th Cir. 1985) (follow-up communications not required to provide all disclosures under Section 1692e).  Accordingly, Lazzaro's claim fails.

Rather than contending that the inconsistencies themselves amounted to false or misleading representations, Lazzaro argues that the claim is "not the arithmetic difference between balances but the complete absence of substantiated legal authority to collect any

2

amount." LD Opp'n at 8. But as discussed, there was authority for Defendants to collect. Although the claim fails for this reason, the Court grants leave to amend as, viewed in the light most favorable to Lazzaro, the inconsistent balances may be material.

### C. Count II – Unfair or Unconscionable Means (15 U.S.C. § 1692f)

Lazzaro asserts three violations of Section 1692f: (1) continued litigation after a state court stay pending arbitration, (2) threatening arbitration without producing documents, and (3) collecting despite Lazzaro's request for records. FAC ¶¶ 40–42. The third violation, collecting despite a records request, is merely another attempt to base a claim on Section 1788.52—indeed, Lazzaro expressly bases the unfairness on this provision. See id. ¶ 42. As discussed, the Court already barred Lazzaro from amending based on Section 1788.52, so the claim fails. Kayvon Order at 2. Lazzaro's claim based on arbitration threats also fails because, as noted above, Lazzaro already had the requisite documentation: the promissory note. See FAC ¶ 20.

Lazzaro, however, does sufficiently state a claim based on the continued litigation in state court. Section 1692f prohibits debt collectors from "using harassing or abusive collection methods." Guerrero v. RJM Acquisitions LLC, 499 F.3d 926, 934 (9th Cir. 2007). It is reasonable, at this stage, to conclude that filing an amended complaint and other papers despite a court-ordered stay can be a harassing or abusive tactic related to collection. See FAC ¶ 40.

### D. Count IV – False Representations (Cal. Civ. Code § 1788.3(e))

In this count, Lazzaro recycles two of his claims from Count I: (1) false representations of interest and fees without providing documentation and (2) inconsistent balances in communications without producing the underlying documentation. And the Count IV claims bear the same fate—as discussed above. While the Court dismisses both claims, the Court again grants leave to amend as to Lazzaro's claim regarding inconsistent balances.

### E. Count V – Rosenthal Act Through FDCPA Incorporation (Cal. Civ. Code § 1788.17)

Yet again, Lazzaro rehashes his federal claims under state law. See FAC ¶¶ 55–56. They all fail for the reasons already discussed, save for two exceptions. Lazzaro sufficiently states a claim regarding the continued litigation despite a stay. And the Court, while dismissing the claim at this stage, grants Lazzaro leave to amend regarding his claim for inconsistent balances in communications.

### F. Conclusion

For the foregoing reasons, the Court **GRANTS** in part AIM's motion to dismiss[2] and **GRANTS** in part the Lawyer Defendants' motion to dismiss. Unless stated otherwise, the Court dismisses Lazzaro's failed claims with prejudice, as amendment would be futile.

**IT IS SO ORDERED.**

Dated: March 19, 2026

CHARLES R. BREYER
United States District Judge

United States District Court
Northern District of California

---

[2] AIM's motion is granted as to each claim that is identified as barred by res judicata or the Court's prior orders.