**CHRISTOPHER LAZZARO**
1302 Vallejo Street
Santa Rosa, CA 95404
Telephone: (831) 241-2738
Email: chrisflazzaro@gmail.com
Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CHRISTOPHER LAZZARO, | CASE NO.: 3:25-CV-03566-CRB |
| Plaintiff, | **SECOND AMENDED COMPLAINT** |
| vs. | **FOR VIOLATIONS OF:** |
| ACCELERATED INVENTORY MANAGEMENT, LLC, | 15 U.S.C. 1692 *et seq.* Cal. Civ. Code § 1788 *et seq.* |
| SCOTT & ASSOCIATES, P.C., and | |
| ROBERT KAYVON II | Courtroom:   6, 17th Floor Judge:       Honorable Charles R. Breyer |
| Defendants | **DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff Christopher Lazzaro ("Plaintiff"), proceeding pro se, and hereby files this Second Amended Complaint against Defendants Accelerated Inventory Management, LLC ("AIM"), Scott & Associates, P.C. ("Scott"), and Robert Kayvon II ("Kayvon") (collectively, "Defendants"), and alleges as follows:

**SCOPE OF AMENDMENT AND COMPLIANCE WITH COURT ORDERS**

This Second Amended Complaint is filed pursuant to this Court's Order of March 19, 2026 (Dkt. 77) and is consistent with the Court's prior Orders of July 7, 2025 (Dkt. 47) and September 4, 2025 (Dkt. 62). Plaintiff expressly complies with those Orders as follows:

- Plaintiff does **not** re-plead any claim premised on the February 9, 2024 letter, the sufficiency of the notice it contained, the disclaimer therein, the timing of service of the state court complaint, or any other theory adjudicated with prejudice in the Court's prior Orders.

- Plaintiff does **not** re-plead any claim under Cal. Civ. Code § 1788.52, as the Court denied leave to amend on that provision.

- Plaintiff does **not** assert that Defendants lacked legal standing to collect the debt or that the underlying documentation was legally insufficient to establish a right to collect.

- Plaintiff **does** maintain that the **factual content** of the documentation and communications—including the stated balances, the entities identified, and the reported history of the account—was **materially inconsistent**, contradictory, and misleading to the least sophisticated consumer.

- Plaintiff **does** re-plead the **inconsistent balances** theory under 15 U.S.C. §§ 1692e and 1692e(2)(A) and Cal. Civ. Code § 1788.17, with additional factual allegations addressing materiality, consistent with the Court's observation that such inconsistencies may be material (See Dkt. 77 at 3:2–3).

- Plaintiff **does** re-plead the **post-stay conduct** theory under 15 U.S.C. § 1692f and Cal. Civ. Code § 1788.17, with **additional factual allegations**, **including conduct post-dating the filing of the First Amended Complaint**, regarding Defendants' continued and escalating pattern of litigation activity and direct collection communications after

entry of the stay, consistent with the Court's conclusion that Plaintiff sufficiently stated a claim based on continued litigation in state court and other attempts to collect the alleged debt (See Dkt. 77 at 3:14–19).

## NATURE OF THE ACTION

1.      This action arises from Defendants' debt collection activities directed at Plaintiff, including: (i) the use of **materially inconsistent** and unexplained balances and other materially inconsistent account information across multiple communications and court filings regarding the same alleged debt, including internal inconsistencies **within a single filing** and unexplained changes in the entities identified in connection with the alleged debt; and (ii) a continuous pattern of collection activity and litigation filings **after** a state court ordered all litigation stayed pending arbitration.

2.      Plaintiff alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788 *et seq.*

## THE PARTIES

3.      Plaintiff Christopher Lazzaro is a natural person residing in Sonoma County, California, who allegedly incurred a personal, family, or household debt and is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civ. Code § 1788.2(h).

4.      Defendant Accelerated Inventory Management, LLC ("AIM") is a debt buyer that purchases defaulted consumer accounts and seeks to collect them through agents, including Scott & Associates, P.C. AIM's principal purpose is the collection of debts, and it is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c). AIM is the plaintiff in the state court collection action underlying this complaint, Case No. 24CV07542 (Sonoma

*Lazzaro v. Accelerated Inventory Management, LLC et al.* – Case. No.: 3:25-CV-03566-CRB
**SECOND AMENDED COMPLAINT**

County Superior Court), and directed and authorized the collection activities of its agent Scott by and through Kayvon, including all filings in that action.

5.    Defendant Scott & Associates, P.C. ("Scott") is a debt-collection law firm acting as agent for AIM that regularly collects consumer debts through letters, emails, and litigation. Scott is jointly and severally liable as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

6.    Defendant Robert Kayvon II ("Kayvon") is an attorney and debt collector employed by or working with Scott & Associates, P.C. who regularly attempts to collect consumer debts through litigation and related communications. Attorneys who regularly engage in debt collection litigation are debt collectors subject to the FDCPA. *Heintz v. Jenkins*, 514 U.S. 291, 294–95 (1995).

7.    At all relevant times, each Defendant acted as the agent, representative, and/or co-venturer of the others, acting within the course and scope of said agency. Defendant AIM, as the debt buyer and Plaintiff in the underlying state action, directed, authorized, and ratified the specific collection acts, court filings, and contradictory representations made by its legal counsel, Defendants Scott & Associates, P.C. by and through Robert Kayvon II. Accordingly, each Defendant is vicariously, jointly, and severally liable for the acts of the others.

## JURISDICTION AND VENUE

8.    This Court has federal question jurisdiction over Plaintiff's claims under the FDCPA pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, with supplemental jurisdiction over related state-law claims under 28 U.S.C. § 1367. Defendants are subject to personal jurisdiction in this District because they regularly collect debts from California residents, including Plaintiff.

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District, and Defendants regularly conduct debt-collection activities here.

### FACTUAL ALLEGATIONS

**A. FACTUAL TIMELINE**

10.      **February 9, 2024**: Defendants sent Plaintiff a collection notice stating a balance of **$4,362.04**. A true and correct copy of this letter is attached hereto as Exhibit A.

11.      **April 29, 2024**: Defendants sent Plaintiff an "intent to sue" letter stating a different balance of **$4,350.94**, with no explanation provided for the change. A true and correct copy of this letter is attached hereto as Exhibit B.

12.      **December 13, 2024**: Defendant AIM filed a collection action against Plaintiff in Sonoma County Superior Court, Case No. 24CV07542. A true and correct copy of that complaint is attached hereto as Exhibit C. The state court complaint alleged a balance of **$4,306.54** (*Id.* at 2), while simultaneously including an account ledger attached to the same filing that reflected a different balance of **$4,350.94**—a discrepancy, **within a single filing** (*Id.* at 5), with no explanation.

13.      **December 17, 2024**: Plaintiff was personally served with the state court complaint.

14.      **January 13, 2025**: Plaintiff provided Defendants with the applicable Borrower Agreement containing an arbitration provision and requested dismissal of the state court action **in favor** of non-judicial resolution, including arbitration.

15.      **January 24, 2025**: Plaintiff followed up with Defendants regarding arbitration.

16.      **February 3, 2025**: After receiving **no response** for ten (10) days, Plaintiff followed up again.

17.    **February 4, 2025**: Defendants responded that they were waiting on their client.

18.    **February 13, 2025**: Plaintiff's deadline to respond to the complaint; Plaintiff filed a Motion to Compel Arbitration and Stay Litigation in the Sonoma County action.

19.    **April 28, 2025**: The Sonoma County Superior Court **granted** Plaintiff's unopposed Motion to Compel Arbitration and Stay Litigation, ordering Defendants to arbitrate the dispute pursuant to the Arbitration Agreement, and further ordered that all litigation be stayed pending arbitration. A true and correct copy of this order is attached hereto as Exhibit D.

20.    **July 7, 2025**: This Court issued an order on Defendants' motions to dismiss the Original Complaint. See Dkt. 47.

21.    **July 14, 2025**: Within **one week** of this Court's order, and nearly three months after entry of the state court stay—AIM (through Scott and Kayvon) filed an amended complaint and related documents in the stayed Sonoma County action, including an amended summons and an amended civil case cover sheet. A true and correct copy of the Sonoma County Superior Court Register of Actions reflecting these filings is attached hereto as Exhibit E. The amended complaint alleged a balance of **$4,306.54**, while again attaching the same ledger reflecting the conflicting balance of **$4,350.94**.

22.    Furthermore, the amended complaint filed by Defendants on July 14, 2025 (a true and correct copy of which is attached hereto as Exhibit F), introduced an additional entity into the alleged chain of title (*Id.* at 17) that was not present in the original December 13, 2024, filing (Ex. C at 17). This change was made without explanation and further obscures the character and amount of the alleged debt.

23.    **In or about July 2025**: Plaintiff received the amended complaint and summons by mail, constituting an attempted service of process in a stayed proceeding.

*Lazzaro v. Accelerated Inventory Management, LLC et al.* – Case. No.: 3:25-CV-03566-CRB
**SECOND AMENDED COMPLAINT**

24.    **July 15, 2025**: Defendants sent Plaintiff a collection email demanding payment of **$4,604.44**, a balance that was **$297.90 higher** than the balance stated in the amended complaint **filed the prior day**, with no explanation for the increase. A true and correct copy of this email is attached hereto as Exhibit G.

25.    **August 26, 2025**: Defendants sent Plaintiff another collection email demanding payment of **$4,610.39**, again with no explanation for the change or any accounting of interest, fees, or other charges. A true and correct copy of this email is attached hereto as Exhibit H.

26.    Defendants **continued filing** documents in the stayed action, including: an attempted filing of a declaration regarding venue that was rejected by the clerk on August 16, 2025; a declaration regarding venue filed on November 4, 2025; and a case management statement filed on January 21, 2026 (See Ex. E at 2–3).

27.    **In or about February 2026**: Nearly eleven months after entry of the stay, Defendants again mailed Plaintiff the amended complaint and summons, constituting a renewed attempt to effect service of process in a stayed proceeding and a continued act of collection pressure directed at Plaintiff.

28.    **March 3, 2026**: Defendants filed a declaration regarding service by mail in the stayed action, reflecting and memorializing their renewed service by mail of a complaint in a stayed proceeding, without court authorization (See Ex. E at 3–4).

B.  **FACTS OF INCONSISTENT REPRESENTATIONS REGARDING THE CHARACTER AND AMOUNT OF THE DEBT**

29.    Across their communications and court filings, Defendants represented the following materially different balances for the same alleged debt, without providing any explanation, interest accounting, fee schedule, or other documentation to account for the changes:

*Lazzaro v. Accelerated Inventory Management, LLC et al.* – Case. No.: 3:25-CV-03566-CRB
**SECOND AMENDED COMPLAINT**

- **$4,362.04**—February 9, 2024 collection notice (Ex. A)

- **$4,350.94**—April 29, 2024 intent-to-sue letter (Ex. B)

- **$4,306.54**—December 13, 2024 state court complaint (Ex. C at 2), while the ledger attached (*Id.* at 5) to the same complaint stated **$4,350.94**—an internal inconsistency within a single filing

- **$4,604.44**—July 15, 2025 collection email (Ex. G), an increase of **$297.90** from the balance stated in the amended complaint filed **one day prior**, with no accounting

- **$4,610.39**—August 26, 2025 collection email (Ex. H), a further increase with no explanation

30.    The discrepancies between the February 9, 2024 collection notice (**$4,362.04**), the April 29, 2024 "intent to sue" (**$4,350.94**), and the sworn December 13, 2024 complaint (**$4,306.54**) (which is **contradicted** by its own attached ledger) create an irreconcilable factual conflict that renders the entire collection narrative **materially misleading**.

31.    Because these figures followed a **downward**, **non-sequential** trajectory—decreasing from the initial demand and decreasing further in the sworn pleading—this pattern **cannot** be attributed to the accrual of interest or fees.

32.    This conflict presents a **mathematical impossibility**: if any one of these three documents is accurate, it necessarily confirms the falsity of the other two. Such a shifting baseline **deprives** the least sophisticated consumer of the ability to determine the amount of the debt or to evaluate how to respond to Defendants' demands, and misrepresents the character and amount of the alleged debt.

33.    These types of unexplained conflicts are "genuinely misleading statements" rather than "mere technical falsehoods," and are material as **they *did*, in fact, "frustrate** [Plaintiff's] ability to intelligently choose [his] response," under the standards set forth in *Tourgeman v.*

*Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1119 (9th Cir. 2014); see also *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1034 (9th Cir. 2010).

34. Even aside from Plaintiff's actual frustration, "the false statements made by the debt collector in this case were material because they could have disadvantaged a hypothetical debtor in deciding how to respond to the complaint." *Afewerki v. Anaya Law Grp.*, 868 F.3d 771, 776 (9th Cir. 2017).

35. These unexplained discrepancies **are material** to a consumer in several concrete ways. A consumer faced with multiple different balances for the same debt cannot determine: (a) the correct amount actually owed; (b) whether payment of any stated amount would satisfy the debt; (c) whether the claimed increases reflect contractually authorized interest or fees or are the product of error or fabrication; or (d) how to evaluate any settlement proposal.

36. The inconsistencies thus impede the consumer's ability to make any informed decision about the debt. As a result, "charting a course of action in response to the collection effort" is impossible. *Afewerki*, 868 F.3d at 773 (quoting *Tourgeman*, 755 F.3d at 1121).

37. The internal inconsistency within the December 2024 state court complaint is particularly significant: the complaint alleged a balance of **$4,306.54**, while the account ledger attached to the same filing reflected **$4,350.94**. Because both figures appear in the same document filed on the same date, the discrepancy **cannot** be attributed to interest accrual or the passage of time. This simultaneous contradiction within a single filing would confuse the least sophisticated consumer attempting to understand the amount claimed against them.

38. The balances stated in the July 15, 2025 and August 26, 2025, collection emails (**$4,604.44** and **$4,610.39**, respectively) represent an unexplained increase of approximately $300 from the amount sought in Defendants' amended complaint filed on July 14, 2025 (**$4,306.54**). Most notably, the July 15 email was sent a **mere twenty-four hours** after

*Lazzaro v. Accelerated Inventory Management, LLC et al.* – Case. No.: 3:25-CV-03566-CRB
**SECOND AMENDED COMPLAINT**

Defendants filed that Amended Complaint in state court. By demanding an amount in a collection email that differed **significantly and materially** from the amount sworn to in a court filing **only one day prior**, Defendants created a direct conflict between their sworn pleading and their collection demand, leaving the least sophisticated consumer with no reliable basis to determine the true character or amount of the alleged debt.

39.     These representations, taken individually and as a pattern, would mislead the least sophisticated consumer as to the character and amount of the alleged debt, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e, including the specific prohibitions against false representations of the character or amount of any debt under § 1692e(2)(A), and the use of any false representation or deceptive means to collect or attempt to collect any debt under § 1692e(10).

### C. FACTS OF POST-STAY COLLECTION ACTIVITY AND CONDUCT

40.     On April 28, 2025, the Sonoma County Superior Court ordered that all litigation in Case No. 24CV07542 be **stayed** pending arbitration.

41.     Notwithstanding this court-ordered stay, Defendants engaged in a **continuous and escalating** pattern of collection-related conduct in the stayed proceeding and through direct communications with Plaintiff, including:

- **July 14, 2025**: Filed amended complaint, amended summons, amended civil case cover sheet, and declaration regarding venue in the stayed action (Ex. E at 2–3)

- **July 2025**: Mailed Plaintiff the amended complaint and summons, renewing service of process in the stayed proceeding

- **July 15, 2025**: Sent Plaintiff a collection email demanding payment of $4,604.44 (Ex. G)

- **August 16, 2025**: Attempted filing of a "Declaration re Venue" in the stayed action, rejected and returned by the Clerk with the comment: "Please resubmit with the pleading paper format containing the numbered lines" (Ex. E at 3)

- **August 26, 2025**: Sent Plaintiff a collection email demanding payment of $4,610.39 (Ex. H)

- **November 4, 2025**: Filed a declaration regarding venue in the stayed action (Ex. E at 3)

- **January 21, 2026**: Filed a late case management statement in the stayed action, marked "LATE" (Ex. E at 3)

- **February 2026**: Mailed Plaintiff the amended complaint and summons, renewing service of process in the stayed proceeding

- **March 3, 2026**: Filed a declaration regarding service by mail reflecting the renewed service attempt (Ex. E at 3–4)

42.     This pattern of conduct—spanning nearly eleven months after entry of the stay, involving multiple filings in the stayed proceeding, direct collection emails demanding payment, and two separate service attempts in a stayed case—constitutes a harassing and abusive pattern of collection activity designed to pressure Plaintiff into settlement or payment **notwithstanding the stay**. This reflects the "type of actions that would intimidate unsophisticated individuals and which... 'would likely disrupt a debtor's life.'" *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007) (quoting *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1059 (7th Cir. 2000)).

43.     AIM, as the plaintiff in the Sonoma County action and the party on whose behalf Scott and Kayvon were acting, directed and authorized these post-stay filings and collection activities. Scott and Kayvon, as AIM's agents, carried out these activities on AIM's behalf. All three Defendants are jointly and severally liable for this conduct.

## CAUSES OF ACTION

### COUNT I – FALSE, DECEPTIVE, OR MISLEADING REPRESENTATIONS
### (15 U.S.C. § 1692e)
### (AGAINST ALL DEFENDANTS)

44.    Plaintiff realleges and incorporates by reference each of the allegations contained in the preceding paragraphs as though fully set forth herein.

45.    Section 1692e of the FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692e(2)(A) specifically prohibits false representations concerning the character or amount of a debt.

46.    Defendants violated 15 U.S.C. § 1692e and § 1692e(2)(A) by representing materially different balances for the same alleged debt across multiple communications and court filings without any explanation for the differences.

47.    As set forth in Paragraph 29, Defendants stated balances of $4,362.04, $4,350.94, $4,306.54, $4,604.44, and $4,610.39 in connection with the same alleged debt. These figures fluctuated without explanation—sometimes increasing, sometimes decreasing—across a span of approximately eighteen months.

48.    Defendants also presented an **internally inconsistent** balance within a **single court filing**: the December 13, 2024 state court complaint alleged a balance of $4,306.54 in the pleading, while simultaneously attaching an account ledger reflecting $4,350.94. Because both figures appeared in the same document on the same date, the discrepancy **cannot** be attributed to interest accrual or any temporal difference.

49.    The post-stay collection emails of July 15, 2025 and August 26, 2025 stated balances of $4,604.44 and $4,610.39, respectively—approximately $300 more than the balance

stated in the state court complaint seven months earlier and the amended complaint filed one day prior—without any explanation for the increases.

50. **These representations are material.** A consumer **cannot** make any informed decision about whether to pay, dispute, or settle a debt when that debt has been stated at five different amounts over eighteen months, with no explanation of which figure is accurate or how the amounts were calculated.

51. These representations would mislead the least sophisticated consumer as to the character and amount of the alleged debt, and are false, deceptive, or misleading within the meaning of 15 U.S.C. § 1692e and § 1692e(2)(A).

52. As a direct and proximate result of these violations, Plaintiff suffered actual damages, including: inability to determine the correct amount of the alleged debt; confusion and uncertainty about whether paying any stated amount would satisfy the debt; time and resources expended investigating and responding to conflicting demands; and emotional distress arising from Defendants' inconsistent and unexplained representations. Plaintiff is entitled to actual damages, statutory damages of up to $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and costs and reasonable attorney's fees under 15 U.S.C. § 1692k(a)(3).

**COUNT II – UNFAIR OR UNCONSCIONABLE MEANS**
**(15 U.S.C. § 1692f)**
**(AGAINST ALL DEFENDANTS)**

53. Plaintiff realleges and incorporates by reference each of the allegations contained in the preceding paragraphs as though fully set forth herein.

54. Section 1692f of the FDCPA prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." The Ninth Circuit has recognized that filing court papers and using litigation as a collection tactic in a harassing or

abusive manner falls within the scope of § 1692f. *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007).

55.    Defendants used unfair and unconscionable means to collect or attempt to collect the alleged debt through a **continuous, escalating** pattern of conduct following entry of the state court stay on April 28, 2025.

56.    The post-stay pattern of conduct is set forth in Paragraph 41. After the state court ordered the litigation stayed pending arbitration, Defendants **filed** an amended complaint and related papers in the stayed proceeding; **sent** two collection emails directly to Plaintiff demanding payment; **effectuated service** by mail on two additional occasions in the stayed case; and **continued filing** documents in the stayed proceedings over a period of nearly eleven months. **This is not an isolated act but a sustained campaign** of collection pressure conducted in **knowing disregard of the court-ordered stay**.

57.    Filing an amended complaint in a stayed proceeding and serving that pleading on Plaintiff are **particularly abusive** tactics because they are designed to signal continued aggressive pursuit and to exert pressure on Plaintiff to settle or abandon his right to arbitration, regardless of the legal effect of those actions.

58.    The collection emails of July 15, 2025 and August 26, 2025, sent while a stay was in effect, separately constitute unfair collection activity by directly demanding payment from Plaintiff during a period when the litigation had been suspended by court order.

59.    The February 2026 renewed service attempt—mailing the amended complaint and summons to Plaintiff and filing a declaration of service by mail nearly eleven months after the stay—demonstrates that Defendants' post-stay conduct was **not** inadvertent but rather was a **deliberate, ongoing effort to use legal process as a collection tool despite the stay**.

60. As a direct and proximate result of these violations, Plaintiff suffered actual damages, including: distress and anxiety caused by receiving court filings and collection demands from litigation that had been stayed; time and resources spent reviewing, investigating, and responding to post-stay filings and communications; and emotional distress arising from the sustained pressure of Defendants' collection campaign conducted in defiance of a court order. Plaintiff is entitled to actual damages, statutory damages of up to $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and costs and reasonable attorney's fees under 15 U.S.C. § 1692k(a)(3).

61. AIM, as the plaintiff in the Sonoma County action, directed and authorized all post-stay filings in that proceeding. Scott and Kayvon, as AIM's agents, executed those filings. All three Defendants are jointly and severally liable for this pattern of unfair and unconscionable collection conduct.

### COUNT III – ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
(CAL. CIV. CODE § 1788.17 INCORPORATING 15 U.S.C. §§ 1692E AND 1692F)
(AGAINST ALL DEFENDANTS)

62. Plaintiff realleges and incorporates by reference each of the allegations contained in the preceding paragraphs as though fully set forth herein.

63. California's Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.17, provides that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of 15 U.S.C. §§ 1692b through 1692j of the FDCPA, and that any violation of those provisions is also a violation of the Rosenthal Act.

64. Plaintiff expressly does **not** assert any independent claim under Cal. Civ. Code § 1788.52 or § 1788.13(e) in this complaint.

65. The conduct described in Count I—representing materially different and unexplained balances for the same alleged debt across multiple communications and court

*Lazzaro v. Accelerated Inventory Management, LLC et al.* – Case. No.: 3:25-CV-03566-CRB
**SECOND AMENDED COMPLAINT**

filings, including an internal inconsistency within a single filing—violates 15 U.S.C. §§ 1692e and 1692e(2)(A), and therefore also violates Cal. Civ. Code § 1788.17.

66.    The conduct described in Count II—maintaining a continuous, escalating pattern of litigation filings and direct collection communications directed at Plaintiff in knowing disregard of a court-ordered stay, spanning nearly eleven months and including two additional service attempts effectuated by mail—violates 15 U.S.C. § 1692f, and therefore also violates Cal. Civ. Code § 1788.17.

67.    As a direct and proximate result of these violations, Plaintiff suffered actual damages as described above, and is entitled to actual damages pursuant to Cal. Civ. Code § 1788.30(a), statutory damages of up to $1,000 pursuant to Cal. Civ. Code § 1788.30(b), and costs and reasonable attorney's fees pursuant to Cal. Civ. Code § 1788.30(c).

68.    Defendants' post-stay conduct—including the filing of amended pleadings and continued service attempts effectuated by mail in a court-ordered stayed proceeding—was willful and knowing. Plaintiff seeks punitive damages under Cal. Civ. Code § 3294.

## DAMAGES

69.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered actual damages including: (a) confusion and inability to determine the correct amount of the alleged debt due to Defendants' inconsistent and unexplained balances; (b) time and resources expended investigating, reviewing, and evaluating Defendants' inconsistent representations and unauthorized post-stay collection activity; (c) emotional distress and anxiety arising from receiving collection demands and court filings during a period in which the underlying litigation had been stayed by court order; and (d) the burden of monitoring and reviewing Defendants' continued filings in the stayed proceeding over a period of nearly eleven months.

*Lazzaro v. Accelerated Inventory Management, LLC et al.* – Case. No.: 3:25-CV-03566-CRB
**SECOND AMENDED COMPLAINT**

70.    Plaintiff seeks statutory damages under the FDCPA, 15 U.S.C. § 1692k(a)(2)(A), of up to $1,000, and under the Rosenthal Act, Cal. Civ. Code § 1788.30(b), of up to $1,000, in addition to actual damages.

71.    Defendants' post-stay conduct was willful and deliberate—as evidenced by the sustained, multi-month pattern of filings and service attempts effectuated by mail in knowing disregard of a court order. Plaintiff seeks punitive damages on the state-law claims under Cal. Civ. Code § 3294.

72.    Plaintiff further seeks costs of suit and reasonable attorney's fees as authorized by 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A.  Actual damages in an amount to be proven at trial pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civ. Code § 1788.30(a);

B.  Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and Cal. Civ. Code § 1788.30(b);

C.  Punitive damages on the state-law claims pursuant to Cal. Civ. Code § 3294;

D.  Costs of suit and reasonable attorney's fees as permitted by 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c); and

E.  Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

**Exhibits**

**Exhibit A:** Collection Notice dated February 9, 2024

**Exhibit B:** Intent to Sue Letter dated April 29, 2024

*Lazzaro v. Accelerated Inventory Management, LLC et al.* – Case. No.: 3:25-CV-03566-CRB
**SECOND AMENDED COMPLAINT**

**Exhibit C:** Sonoma County Superior Court Complaint filed December 13, 2024

**Exhibit D:** Order Granting Motion to Compel Arbitration and Stay Litigation dated April 28, 2025

**Exhibit E:** Sonoma County Superior Court Register of Actions (Case No. 24CV07542)

**Exhibit F:** AIM's Sonoma Superior Amended Complaint

**Exhibit G:** Collection Email dated July 15, 2025

**Exhibit H:** Collection Email dated August 26, 2025


Dated: March 26, 2026

**CHRISTOPHER LAZZARO**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed On: March 26, 2026

By:    /s/ Christopher Lazzaro

CHRISTOPHER LAZZARO

1302 Vallejo Street

Santa Rosa, CA 95404

Telephone: (831) 241-2738

Email: chrisflazzaro@gmail.com

Plaintiff, Pro Se

*Lazzaro v. Accelerated Inventory Management, LLC et al.* – Case. No.: 3:25-CV-03566-CRB
**SECOND AMENDED COMPLAINT**