**CHRISTOPHER LAZZARO**
1302 Vallejo Street
Santa Rosa, CA 95404
Telephone: (831) 241-2738
Email: chrisflazzaro@gmail.com
Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CHRISTOPHER LAZZARO, | CASE NO.: 3:25-CV-03566-CRB |
| Plaintiff, | ~~FIRST~~SECOND **AMENDED COMPLAINT** |
| vs. | **FOR VIOLATIONS OF:** |
| ACCELERATED INVENTORY MANAGEMENT, LLC, | 15 U.S.C. 1692 *et seq*. Cal. Civ. Code § 1788 *et seq*. |
| SCOTT & ASSOCIATES, P.C., and | |
| ROBERT KAYVON II | Courtroom:   6, 17th Floor Judge:         Honorable Charles R. Breyer |
| Defendants | **DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff Christopher Lazzaro ("Plaintiff"), proceeding pro se, and hereby files this ~~First~~Second Amended Complaint against Defendants Accelerated Inventory Management, LLC ("AIM"), Scott & Associates, P.C. ("Scott"), and Robert Kayvon II ("Kayvon") (collectively, "Defendants"), and alleges as follows:

*Lazzaro v. Accelerated Inventory Management, LLC et al.* – Case. No.: 3:25-CV-03566-CRB
~~FIRST~~SECOND AMENDED COMPLAINT

**SCOPE OF AMENDMENT AND COMPLIANCE WITH COURT ORDERS**

This Second Amended Complaint is filed pursuant to this Court's Order of March 19, 2026 (Dkt. 77) and is consistent with the Court's prior Orders of July 7, 2025 (Dkt. 47) and September 4, 2025 (Dkt. 62). Plaintiff expressly complies with those Orders as follows:

- Plaintiff does **not** re-plead any claim premised on the February 9, 2024 letter, the sufficiency of the notice it contained, the disclaimer therein, the timing of service of the state court complaint, or any other theory adjudicated with prejudice in the Court's prior Orders.

- Plaintiff does **not** re-plead any claim under Cal. Civ. Code § 1788.52, as the Court denied leave to amend on that provision.

- Plaintiff does **not** assert that Defendants lacked legal standing to collect the debt or that the underlying documentation was legally insufficient to establish a right to collect.

- Plaintiff **does** maintain that the **factual content** of the documentation and communications—including the stated balances, the entities identified, and the reported history of the account—was **materially inconsistent**, contradictory, and misleading to the least sophisticated consumer.

- Plaintiff **does** re-plead the **inconsistent balances** theory under 15 U.S.C. §§ 1692e and 1692e(2)(A) and Cal. Civ. Code § 1788.17, with additional factual allegations addressing materiality, consistent with the Court's observation that such inconsistencies may be material (See Dkt. 77 at 3:2–3).

  Plaintiff **does** re-plead the **post-stay conduct** theory under 15 U.S.C. § 1692f and Cal. Civ.

*Lazzaro v. Accelerated Inventory Management, LLC et al.* – Case. No.: 3:25-CV-03566-CRB
~~FIRST~~SECOND **AMENDED COMPLAINT**

- Code § 1788.17, with **additional factual allegations, including conduct post-dating the filing of the First Amended Complaint**, regarding Defendants' continued and escalating pattern of litigation activity and direct collection communications after entry of the stay, consistent with the Court's conclusion that Plaintiff sufficiently stated a claim based on continued litigation in state court and other attempts to collect the alleged debt (See Dkt. 77 at 3:14–19).

**NATURE OF THE ACTION**

1. This First Amended Complaint builds on the existing record, addresses conduct and statutory duties not previously adjudicated, and respects this Court's prior rulings (ECF Nos. 47,action arises from Defendants' 62). Plaintiff does not re-plead any claim under 15 U.S.C. §1692g or relitigate theories the Court has already resolved, such as the conclusion that the February 2024 letter satisfied Cal. Civ. Code §1788.52(d).

2.1. This suit alleges that Defendants committed three categories of violations during their debt collection process. First, they repeatedly violated the Fair Debt Collection Practices Act (FDCPA) through false and misleading representations and unfair practicesactivities directed at Plaintiff, including issuing: (i) the use of **materially inconsistent** and gradually inflatedunexplained balances in every communication, threatening unauthorized interest and fees, and continuing litigation and collection emails even after Plaintiff's formal written dispute remained unanswered and despite a compulsory stay. Second, this misconduct included violations of the California Fair Debt Buying Practices Act (FDBPA) (and other materially inconsistent account information across multiple communications and court filings regarding the same alleged debt, including internal inconsistenciesCiv. Code §1788.52(a)–(c)) when Defendant AIM filed suit without possessing the required records, failed to provide those records **within** 15 days of Plaintiff's written request yet continued **a single filing** and unexplained changes in the

> **Formatted:** Font: Bold

> **Formatted:** Font: Bold

entities identified in connection with the alleged debt; and (ii) a continuous pattern of collection activity throughand litigation filings **after** a state court ordered all litigation and collection emails, and improperly delegated the initial statutory notice to its counsel rather than providing it as the debt buyer itself. Third, these same false representations and unfair collection practices constitute parallel violations of the Rosenthal Fair Debt Collection Practices Act (RFDCPA).stayed pending arbitration.

2.    Plaintiff alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788 *et seq.*

### THE PARTIES

3.    Plaintiff Christopher Lazzaro is a natural person residing in Sonoma County, California, who allegedly incurred a personal, family, or household debt and is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civ. Code § 1788.2(h).

4.    Defendant Accelerated Inventory Management, LLC ("AIM") is a debt buyer that purchases defaulted consumer accounts and seeks to collect them through agents, including Scott & Associates, P.C. AIM's principal purpose is the collection of debts, and it is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civ. 1692a(6) and Cal. Code § 1788.2(c). AIM is the plaintiff in the state court collection action underlying this complaint, Case No. 24CV07542 (Sonoma County Superior Court), and directed and authorized the collection activities of its agent Scott by and through Kayvon, including all filings in that action.Civ. Code §1788.2(c).

5.    Defendant Scott & Associates, P.C. ("Scott") is a debt-collection law firm acting as agent for AIM that regularly collects consumer debts through letters, emails, phone calls, and

litigation. Scott is jointly and severally liable as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

6.    Defendant Robert Kayvon II ("Kayvon") is an attorney and debt collector employed by or working with Scott & Associates, P.C. who regularly attempts to collect consumer debts through litigation and related communications. SeeAttorneys who regularly engage in debt collection litigation are debt collectors subject to the FDCPA. *Heintz v. Jenkins*, 514 U.S. 291, 294–95 (1995).

7.    EachAt all relevant times, each Defendant acted as the agent, representative, and/or co-conspiratorventurer of the others, acting within the course and scope of said agency. Defendant AIM, as the debt buyer and Plaintiff in the underlying state action, directed, authorized, and ratified the specific collection acts, court filings, and contradictory representations made by its legal counsel, Defendants Scott & Associates, P.C. by and through Robert Kayvon II. Accordingly, each Defendant is vicariously and, jointly, and severally liable for the acts within the scope of agency and employmentthe others.

### JURISDICTION AND VENUE

8.    This Court has federal question jurisdiction over Plaintiff's claims under the Fair Debt Collection Practices Act (FDCPA), pursuant to 15 U.S.C. § 1692k(d),) and 28 U.S.C. § 1331, with supplemental jurisdiction over related state-law claims under 28 U.S.C. § 1367. Defendants are subject to personal jurisdiction in this District because they regularly collect debts from California residents, including Plaintiff.

9.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to thePlaintiff's claims occurred herewithin this District, and Defendants regularly conduct debt-collection activities in this Districthere.

### MATTERS PREVIOUSLY RESOLVED AND SCOPE OF AMENDMENT

10. This First Amended Complaint respects the Court's prior Orders (ECF Nos. 47, 62) by limiting its scope to matters **not previously adjudicated**. Plaintiff does not reassert those theories resolved in the prior rulings, including the conclusions that: (i) the February 2024 letter was properly sent and satisfied 15 U.S.C. §1692g; (ii) the disclaimer therein was not misleading; (iii) service shortly before Christmas was not harassment; and (iv) the February 2024 letter was found to satisfy Cal. Civ. Code §1788.52(d).

11. This amended pleading, therefore, targets Defendants' **separate and independently actionable misconduct**, including matters **unadjudicated** by this Court. These include the distinct duties under Cal. Civ. Code §1788.52(a)–(e): (a) **possessing the required records before filing suit**; (b) **producing those records within 15 days** of Plaintiff's written request **while refraining from collection activity**; and (e) **attaching or submitting the required documents** to the court **when filing** the collection action.

12. This pleading further alleges violations of FDCPA §§1692e and 1692f and Rosenthal §1788.13(e), as well as a pattern of **post-dispute and post-stay** litigation and collection activity occurring after the earlier rulings.

**FACTUAL ALLEGATIONS**

A. **MISLABELING AND INITIAL COLLECTION LETTERS**

A. On **FACTUAL TIMELINE**

13. 10. **February 9, 2024**, Defendant Scott & Associates, P.C., acting as agent for Defendant AIM, : Defendants sent Plaintiff a debt collection letter (ECF No. 1-2 at 12–13) referencing an alleged LendingClub account ending in 8611 with notice stating a balance of **$4,362.04**. A true and correct copy of this letter is attached hereto as Exhibit A.

14. The letter prominently bore the bold title: "SEPARATE NOTICE UNDER CALIFORNIA CIVIL CODE SECTION 1788.14.5." (*id.* at 13).

*Lazzaro v. Accelerated Inventory Management, LLC et al.* – Case. No.: 3:25-CV-03566-CRB
FIRSTSECOND **AMENDED COMPLAINT**

**Formatted:** Font: Bold

**Formatted:** Font: Bold

15. Cal. Civ. Code **§1788.14.5** applies only to **time-barred debt** and prescribes **narrow disclosure language**. By **contrast**, the **broader and more protective** Cal. **Civ.** Code **§1788.52 governs debt buyers** like AIM, requiring them to **possess** specific records, **produce** them upon request, and **submit them with** any collection lawsuit. By citing §1788.14.5 instead of §1788.52, and by sending the letter from **Scott rather than AIM itself,** Defendants created the **materially false impression** that they had complied with California law when they **had not** (*id.*). These misrepresentations constitute violations of 15 U.S.C. §1692e and parallel Rosenthal provisions.

16. On **April 29, 2024**, Scott: Defendants sent Plaintiff an "intent to sue" letter referencing Cal. Code stating a different Civ. Proc. §1033(b)(2) and listing a reduced, inconsistent balance of **$4,350.94** (ECF No. 1-2 at 20).

17. On December 13, 2024, Defendant AIM escalated by filing a collection lawsuit in Sonoma County Superior Court (Case No. 24CV07542) (ECF No. 1-2 at 27–52), alleging yet another balance of $4,306.54. Plaintiff was served on December 17, 2024.

18. These **shifting, inconsistent balances** — $4,362.04, then $4,350.94, then $4,306.54 — were demanded **without producing the underlying contract, chain of title, or account history**, underscoring Defendants' pattern of materially false and misleading representations (see ECF No. 1-2 at 12, 20, 28).

**B. PREMATURE FILING WITHOUT REQUIRED RECORDS (§1788.52(A)–(C))**

19. At the time of filing, AIM **did not possess the records required** by the California Fair Debt Buying Practices Act. The filing package omitted: (i) the Borrower Agreement referenced by the promissory note; (ii) a bill of sale or assignment sufficient to show a complete chain of title; and (iii) the account-level transactional history from charge-off.

Formatted: Font: Bold, Small caps

Formatted: Font: Bold

Formatted: Font: Bold

20. Instead, AIM attached only: (a) a **bare promissory note** that expressly referred to a separate, omitted Borrower Agreement/Arbitration Agreement (ECF No. 1-2 at 33–36); (b) a **four-line chain-of-title** list lacking dates, identifiers, or bill-of-sale terms (*id.* at 43); and (c) a lot sheet containing fragments of consumer data but not the contract or history necessary to establish ownership and amount (*id.* at 38–41). **No sworn declaration authenticated these documents**.

21. **AIM thereby failed to meet its obligations** under Cal. ~~.~~ ~~Civ.~~ Code §1788.52(a)–(c). The truncated ledger and bare ownership list did not establish a valid chain of title or AIM's right to collect. These deficiencies rendered the lawsuit **premature**, **facially insufficient,** and **materially misleading**.

**C.  PLAINTIFF'S DISPUTE, ARBITRATION MOTION, AND KAYVON'S THREATS**

22. Between January and March 2025 (ECF No. 37-1 at 20–32), Defendant Kayvon **repeatedly stalled**, stating he was "waiting on [his] client's response" (*id.* at 27), while pressing Plaintiff to settle rather than producing the requested records. On March 4, 2025, Kayvon proposed a "50% reduction over 12 months" (*id.* at 31).

23. After approximately **one week of unresponsiveness** from Kayvon regarding the contractual arbitration provision, Plaintiff formally moved to compel arbitration in the Sonoma action on February 13, 2025.

24. On March 13, 2025, Kayvon escalated further, threatening by email that if Plaintiff pursued arbitration "the client will then seek the **full amount due … post-charge-off interest, and any costs/fees** … pursuant to the agreement" (*id.* at 31). He attached only the February and April 2024 letters—without any contract authorizing such charges, proof of ownership, or account history.

25. That same day, Plaintiff sent **a written dispute and records request** (*id.* at 32), specifically demanding the Borrower Agreement, proof of ownership/chain of title, and the

*Lazzaro v. Accelerated Inventory Management, LLC et al.* – Case. No.: 3:25-CV-03566-CRB
~~FIRST~~SECOND **AMENDED COMPLAINT**

account history. This triggered AIM's statutory duty under Cal. Civ. Code §1788.52(c) to either produce the requested records within 15 days or cease all collection activity.

26. The **15-day deadline expired on March 28, 2025,** with no **records produced**. To this day, Defendants have **never**explanation provided the Borrower Agreement, a valid bill of sale/assignment showing chain of title, or the account-level history from charge-off (see *id*. at 32; no responsive records produced).

27. On April 28, 2025, the Sonoma County Superior Court granted Plaintiff's unopposed motion to compel arbitration and **stayed all further litigation** (ECF No. 60 at 4–5).

D. POST-STAY AND POST-DISPUTE MISCONDUCT

28. Despite the **stay**, on July 14, 2025, AIM (through Scott and Kayvon) filed an **Amended Complaint**, **Amended Summons**, an **Amended Civil Case Cover Sheet**, and a **Declaration re Venue** in the stayed Sonoma action (*id*. at 7–9). On August 16, 2025, the clerk returned the venue declaration unfiled for defects.

29. The timing is telling: on July 7, 2025, this Court issued its initial order on motions to dismiss (ECF No. 47). Within a week, AIM and Scott both (i) resumed filings in the stayed Sonoma action, and (ii) began new email collections directed at Plaintiff.

30. On July 15, 2025, Scott/AIM sent an email collection message stating, "Your account requires attention," listing a balance of $4,604.44 and offering a "View & Pay My Balance" link. A true and correct copy of this email is attached hereto as Exhibit A.

31.11. On August 26, 2025, Scott/AIM sent an identical email demanding an even higher, inconsistent balance of $4,610.39.for the change. A true and correct copy of this emailletter is attached hereto as Exhibit B.

12. These escalating and inconsistent balances were demanded: (i) after **December 13, 2024**: Defendant AIM filed a collection action against Plaintiff had disputed the debt in

Formatted: Font: Not Bold

Formatted: Font: Not Bold

writing; (ii) after the statutory 15-day deadline elapsed with no records produced; and (iii) after the Sonoma County Superior Court, Case No. 24CV07542. A true and correct copy of that complaint is attached hereto as Exhibit C. The state court had stayed complaint alleged a balance of **$4,306.54** (*Id.* at 2), while simultaneously including an account ledger attached to the same filing that reflected a different balance of **$4,350.94**—a discrepancy, **within a single filing** (*Id.* at 5), with no explanation.

13.    **December 17, 2024**: Plaintiff was personally served with the state court complaint.

14.    **January 13, 2025**: Plaintiff provided Defendants with the applicable Borrower Agreement containing an arbitration provision and requested dismissal of the litigation. This pattern of post-stay state court action **in favor** of non-judicial resolution, including arbitration.

15.    **January 24, 2025**: Plaintiff followed up with Defendants regarding arbitration.

16.    **February 3, 2025**: After receiving **no response** for ten (10) days, Plaintiff followed up again.

17.    **February 4, 2025**: Defendants responded that they were waiting on their client.

18.    **February 13, 2025**: Plaintiff's deadline to respond to the complaint; Plaintiff filed a Motion to Compel Arbitration and post-Stay Litigation in the Sonoma County action.

19.    **April 28, 2025**: The Sonoma County Superior Court **granted** Plaintiff's unopposed Motion to Compel Arbitration and Stay Litigation, ordering Defendants to arbitrate the dispute filings and collections emails constitutes pursuant to the Arbitration Agreement, and further ordered that all litigation be stayed pending arbitration. A true and correct copy of this order is attached hereto as Exhibit D.

20.    **July 7, 2025**: This Court issued an order on Defendants' motions to dismiss the Original Complaint. See Dkt. 47.

*Lazzaro v. Accelerated Inventory Management, LLC et al.* – Case. No.: 3:25-CV-03566-CRB
FIRSTSECOND **AMENDED COMPLAINT**

**Formatted:** Font: Not Bold

**Formatted:** Font: Not Bold

21.    **July 14, 2025**: Within **one week** of this Court's order, and nearly three months after entry of the state court stay—AIM (through Scott and Kayvon) filed an amended complaint and related documents in the stayed Sonoma County action, including an amended summons and an amended civil case cover sheet. A true and correct copy of the Sonoma County Superior Court Register of Actions reflecting these filings is attached hereto as Exhibit E. The amended complaint alleged a balance of **$4,306.54**, while again attaching the same ledger reflecting the conflicting balance of **$4,350.94**.

22.    Furthermore, the amended complaint filed by Defendants on July 14, 2025 (a true and correct copy of which is attached hereto as Exhibit F), introduced an additional entity into the alleged chain of title (*Id.* at 17) that was not present in the original December 13, 2024, filing (Ex. C at 17). This change was made without explanation and further obscures the character and amount of the alleged debt.

23.    **In or about July 2025**: Plaintiff received the amended complaint and summons by mail, constituting an attempted service of process in a stayed proceeding.

24.    **July 15, 2025**: Defendants sent Plaintiff a collection email demanding payment of **$4,604.44**, a balance that was **$297.90 higher** than the balance stated in the amended complaint **filed the prior day**, with no explanation for the increase. A true and correct copy of this email is attached hereto as Exhibit G.

25.    **August 26, 2025**: Defendants sent Plaintiff another collection email demanding payment of **$4,610.39**, again with no explanation for the change or any accounting of interest, fees, or other charges. A true and correct copy of this email is attached hereto as Exhibit H.

26.    Defendants **continued** ~~misrepresentation and unfair practices~~**filing** documents in the stayed action, including: an attempted filing of a declaration regarding venue that was

*Lazzaro v. Accelerated Inventory Management, LLC et al.* – Case. No.: 3:25-CV-03566-CRB
~~FIRST~~SECOND **AMENDED COMPLAINT**

rejected by the clerk on August 16, 2025; a declaration regarding venue filed on November 4, 2025; and a case management statement filed on January 21, 2026 (See Ex. E at 2–3).

27.    **In or about February 2026**: Nearly eleven months after entry of the stay, Defendants again mailed Plaintiff the amended complaint and summons, constituting a renewed attempt to effect service of process in a stayed proceeding and a continued act of collection pressure directed at Plaintiff.

28.    **March 3, 2026**: Defendants filed a declaration regarding service by mail in the stayed action, reflecting and memorializing their renewed service by mail of a complaint in a stayed proceeding, without court authorization (See Ex. E at 3–4).

**B. FACTS OF INCONSISTENT REPRESENTATIONS REGARDING THE CHARACTER AND AMOUNT OF THE DEBT**

29.    Across their communications and court filings, Defendants represented the following materially different balances for the same alleged debt, without providing any explanation, interest accounting, fee schedule, or other documentation to account for the changes:

- **$4,362.04**—February 9, 2024 collection notice (Ex. A)
- **$4,350.94**—April 29, 2024 intent-to-sue letter (Ex. B)
- **$4,306.54**—December 13, 2024 state court complaint (Ex. C at 2), while the ledger attached (*Id.* at 5) to the same complaint stated **$4,350.94**—an internal inconsistency within a single filing
- **$4,604.44**—July 15, 2025 collection email (Ex. G), an increase of **$297.90** from the balance stated in the amended complaint filed **one day prior**, with no accounting
- **$4,610.39**—August 26, 2025 collection email (Ex. H), a further increase with no explanation

*Lazzaro v. Accelerated Inventory Management, LLC et al.* – Case. No.: 3:25-CV-03566-CRB
~~FIRST~~SECOND **AMENDED COMPLAINT**

30.    The discrepancies between the February 9, 2024 collection notice (**$4,362.04**), the April 29, 2024 "intent to sue" (**$4,350.94**), and the sworn December 13, 2024 complaint (**$4,306.54**) (which is **contradicted** by its own attached ledger) create an irreconcilable factual conflict that renders the entire collection narrative **materially misleading**.

31.    Because these figures followed a **downward**, **non-sequential** trajectory—decreasing from the initial demand and decreasing further in the sworn pleading—this pattern **cannot** be attributed to the accrual of interest or fees.

32.    This conflict presents a **mathematical impossibility**: if any one of these three documents is accurate, it necessarily confirms the falsity of the other two. Such a shifting baseline **deprives** the least sophisticated consumer of the ability to determine the amount of the debt or to evaluate how to respond to Defendants' demands, and misrepresents the character and amount of the alleged debt.

33.    These types of unexplained conflicts are "genuinely misleading statements" rather than "mere technical falsehoods," and are material as **they *did*, in fact, "frustrate** [Plaintiff's] ability to intelligently choose [his] response," under the standards set forth in *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1119 (9th Cir. 2014); see also *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1034 (9th Cir. 2010).

34.    Even aside from Plaintiff's actual frustration, "the false statements made by the debt collector in this case were material because they could have disadvantaged a hypothetical debtor in deciding how to respond to the complaint." *Afewerki v. Anaya Law Grp.*, 868 F.3d 771, 776 (9th Cir. 2017).

35.    These unexplained discrepancies **are material** to a consumer in several concrete ways. A consumer faced with multiple different balances for the same debt cannot determine: (a) the correct amount actually owed; (b) whether payment of any stated amount would satisfy the

*Lazzaro v. Accelerated Inventory Management, LLC et al.* – Case. No.: 3:25-CV-03566-CRB
~~FIRST~~SECOND **AMENDED COMPLAINT**

debt; (c) whether the claimed increases reflect contractually authorized interest or fees or are the product of error or fabrication; or (d) how to evaluate any settlement proposal.

36. The inconsistencies thus impede the consumer's ability to make any informed decision about the debt. As a result, "charting a course of action in response to the collection effort" is impossible. *Afewerki*, 868 F.3d at 773 (quoting *Tourgeman*, 755 F.3d at 1121).

37. The internal inconsistency within the December 2024 state court complaint is particularly significant: the complaint alleged a balance of **$4,306.54**, while the account ledger attached to the same filing reflected **$4,350.94**. Because both figures appear in the same document filed on the same date, the discrepancy **cannot** be attributed to interest accrual or the passage of time. This simultaneous contradiction within a single filing would confuse the least sophisticated consumer attempting to understand the amount claimed against them.

38. The balances stated in the July 15, 2025 and August 26, 2025, collection emails (**$4,604.44** and **$4,610.39**, respectively) represent an unexplained increase of approximately $300 from the amount sought in Defendants' amended complaint filed on July 14, 2025 (**$4,306.54**). Most notably, the July 15 email was sent a **mere twenty-four hours** after Defendants filed that Amended Complaint in state court. By demanding an amount in a collection email that differed **significantly and materially** from the amount sworn to in a court filing **only one day prior**, Defendants created a direct conflict between their sworn pleading and their collection demand, leaving the least sophisticated consumer with no reliable basis to determine the true character or amount of the alleged debt.

39. These representations, taken individually and as a pattern, would mislead the least sophisticated consumer as to the character and amount of the alleged debt, in violation of the FDCPA and RosenthalFair Debt Collection Practices Act, 15 U.S.C. § 1692e, including the specific prohibitions against false representations of the character or amount of any debt under §

*Lazzaro v. Accelerated Inventory Management, LLC et al.* – Case. No.: 3:25-CV-03566-CRB
FIRSTSECOND **AMENDED COMPLAINT**

1692e(2)(A), and the use of any false representation or deceptive means to collect or attempt to collect any debt under § 1692e(10).

C. **FACTS OF POST-STAY COLLECTION ACTIVITY AND CONDUCT**

40. On April 28, 2025, the Sonoma County Superior Court ordered that all litigation in Case No. 24CV07542 be **stayed** pending arbitration.

41. Notwithstanding this court-ordered stay, Defendants engaged in a **continuous and escalating** pattern of collection-related conduct in the stayed proceeding and through direct communications with Plaintiff, including:

- **July 14, 2025**: Filed amended complaint, amended summons, amended civil case cover sheet, and declaration regarding venue in the stayed action (Ex. E at 2–3)
- **July 2025**: Mailed Plaintiff the amended complaint and summons, renewing service of process in the stayed proceeding
- **July 15, 2025**: Sent Plaintiff a collection email demanding payment of $4,604.44 (Ex. G)
- **August 16, 2025**: Attempted filing of a "Declaration re Venue" in the stayed action, rejected and returned by the Clerk with the comment: "Please resubmit with the pleading paper format containing the numbered lines" (Ex. E at 3)
- **August 26, 2025**: Sent Plaintiff a collection email demanding payment of $4,610.39 (Ex. H)
- **November 4, 2025**: Filed a declaration regarding venue in the stayed action (Ex. E at 3)
- **January 21, 2026**: Filed a late case management statement in the stayed action, marked "LATE" (Ex. E at 3)
- **February 2026**: Mailed Plaintiff the amended complaint and summons, renewing service of process in the stayed proceeding

*Lazzaro v. Accelerated Inventory Management, LLC et al.* – Case. No.: 3:25-CV-03566-CRB
~~FIRST~~SECOND **AMENDED COMPLAINT**

- **March 3, 2026**: Filed a declaration regarding service by mail reflecting the renewed service attempt (Ex. E at 3–4)

42.    This pattern of conduct—spanning nearly eleven months after entry of the stay, involving multiple filings in the stayed proceeding, direct collection emails demanding payment, and two separate service attempts in a stayed case—constitutes a harassing and abusive pattern of collection activity designed to pressure Plaintiff into settlement or payment **notwithstanding the stay**. This reflects the "type of actions that would intimidate unsophisticated individuals and which... 'would likely disrupt a debtor's life.'" *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007) (quoting *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1059 (7th Cir. 2000)).

~~32.~~43.  AIM, as the plaintiff in the Sonoma County action and the party on whose behalf Scott and Kayvon were acting, directed and authorized these post-stay filings and collection activities. Scott and Kayvon, as AIM's agents, carried out these activities on AIM's behalf. All three Defendants are jointly and severally liable for this conduct.

**CAUSES OF ACTION**

~~33.    Based on the foregoing allegations and the matters preserved by the Court's prior orders, Plaintiff alleges the following causes of action.~~

**COUNT I – FALSE, DECEPTIVE, OR MISLEADING REPRESENTATIONS (~~FDCPA,~~ 15 U.S.C. § 1692e)**
*~~(Against Scott and Kayvon; and against AIM to the extent it is a "debt collector.")~~*
**(AGAINST ALL DEFENDANTS)**

~~34.~~44.  Plaintiff realleges and incorporates by reference each of the allegations contained in the preceding paragraphs as though fully set forth herein.

~~35.    **Misrepresenting Legal Entitlement:** In the March 13, 2025 email, Kayvon threatened that Defendants would seek **post-charge-off interest and costs/fees** "pursuant to the~~

*Lazzaro v. Accelerated Inventory Management, LLC et al.* – Case. No.: 3:25-CV-03566-CRB
~~FIRST~~SECOND **AMENDED COMPLAINT**

agreement," though **no agreement authorizing such items was produced then or since**. Representing entitlement to amounts or remedies without producing the underlying contract or ownership records is materially false and misleading to the least sophisticated consumer, in violation of §1692e(2)(A) and (5).

36.   **Inconsistent/Inflated Balances**: Defendants demanded **inconsistent balances** across multiple communications—$4,362.04 (Feb. 9, 2024 letter), $4,350.94 (Apr. 29, 2024 letter), $4,306.54 (Dec. 13, 2024 Sonoma complaint), $4,604.44 (July 15, 2025 email), and $4,610.39 (Aug. 26, 2025 email). These conflicting figures were asserted without any supporting contract or account history. Presenting divergent balances for the same alleged account is deceptive and violates §1692e(2)(A).

45.   **Misleading Statutory Notice**: The February 9, 2024 letter (see ECF No. 1-2 at 12-13) **constituted false representations of compliance with California law** by citing Cal. Section 1692e of the FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692e(2)(A) specifically prohibits false representations concerning the character or amount of a debt.

46.   Defendants violated 15 U.S.C. § 1692e and § 1692e(2)(A) by representing materially different balances for the same alleged debt across multiple communications and court filings without any explanation for the differences.

47.   As set forth in Paragraph 29, Defendants stated balances of $4,362.04, $4,350.94, $4,306.54, $4,604.44, and $4,610.39 in connection with the same alleged debt. These figures fluctuated without explanation—sometimes increasing, sometimes decreasing—across a span of approximately eighteen months.

*Lazzaro v. Accelerated Inventory Management, LLC et al.* – Case. No.: 3:25-CV-03566-CRB
~~FIRST~~SECOND **AMENDED COMPLAINT**

48. Defendants also presented an **internally inconsistent** balance within a **single court filing**: the December 13, 2024 state court complaint alleged a balance of $4,306.54 in the pleading, while simultaneously attaching an account ledger reflecting $4,350.94. Because both figures appeared in the same document on the same date, the discrepancy **cannot** be attributed to interest accrual or any temporal difference.

49. The post-stay collection emails of July 15, 2025 and August 26, 2025 stated balances of $4,604.44 and $4,610.39, respectively—approximately $300 more than the balance stated in the state court complaint seven months earlier and the amended complaint filed one day prior—without any explanation for the increases.

50. **These representations are material.** A consumer **cannot** make any informed decision about whether to pay, dispute, or settle a debt when that debt has been stated at five different amounts over eighteen months, with no explanation of which figure is accurate or how the amounts were calculated.

51. These representations would mislead the least sophisticated consumer as to the character and amount of the alleged debt, and are false, deceptive, or misleading within the meaning of 15 U.S.C. § 1692e and § 1692e(2)(A).

37. As a direct and proximate result of these violations, Civ. Code §1788.14.5 which applies only to time-barred debts instead of §1788.52, which governs debt buyers. It was also issued by Scott rather than AIM, the debt buyer itself, as §1788.52 requires. These false representations violated §1692e.

38.52. Plaintiff suffered actual damages as a result of these violations, , including: inability to determine the correct amount of the alleged debt; confusion, wasted time, and and uncertainty about whether paying any stated amount would satisfy the debt; time and resources expended investigating and responding to conflicting demands; and emotional distress, and

*Lazzaro v. Accelerated Inventory Management, LLC et al.* – Case. No.: 3:25-CV-03566-CRB
FIRSTSECOND **AMENDED COMPLAINT**

arising from Defendants' inconsistent and unexplained representations. Plaintiff is entitled to relief under the FDCPA, including actual damages and, statutory damages of up to $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A), together with and costs and reasonable attorney's fees under §15 U.S.C. § 1692k(a)(3).

### COUNT II – UNFAIR OR UNCONSCIONABLE MEANS
#### (FDCPA, 15 U.S.C. § 1692f)
#### (AGAINST ALL DEFENDANTS)

53.    Plaintiff realleges and incorporates by reference each of the allegations contained in the preceding paragraphs as though fully set forth herein.

54.    Section 1692f of the FDCPA prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." The Ninth Circuit has recognized that filing court papers and using litigation as a collection tactic in a harassing or abusive manner falls within the scope of § 1692f. *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007).

55.    Defendants used unfair and unconscionable means to collect or attempt to collect the alleged debt through a **continuous, escalating** pattern of conduct following entry of the state court stay on April 28, 2025.

56.    The post-stay pattern of conduct is set forth in Paragraph 41. After the state court ordered the litigation stayed pending arbitration, Defendants **filed** an amended complaint and related papers in the stayed proceeding; **sent** two collection emails directly to Plaintiff demanding payment; **effectuated service** by mail on two additional occasions in the stayed case; and **continued filing** documents in the stayed proceedings over a period of nearly eleven months. **This is not an isolated act but a sustained campaign** of collection pressure conducted in **knowing disregard of the court-ordered stay**.

*Lazzaro v. Accelerated Inventory Management, LLC et al.* – Case. No.: 3:25-CV-03566-CRB
FIRSTSECOND **AMENDED COMPLAINT**

57.     Filing an amended complaint in a stayed proceeding and serving that pleading on Plaintiff are **particularly abusive** tactics because they are designed to signal continued aggressive pursuit and to exert pressure on Plaintiff to settle or abandon his right to arbitration, regardless of the legal effect of those actions.

58.     The collection emails of July 15, 2025 and August 26, 2025, sent while a stay was in effect, separately constitute unfair collection activity by directly demanding payment from Plaintiff during a period when the litigation had been suspended by court order.

59.     The February 2026 renewed service attempt—mailing the amended complaint and summons to Plaintiff and filing a declaration of service by mail nearly eleven months after the stay—demonstrates that Defendants' post-stay conduct was **not** inadvertent but rather was a **deliberate, ongoing effort to use legal process as a collection tool despite the stay**.

60.     As a direct and proximate result of these violations, Plaintiff suffered actual damages, including: distress and anxiety caused by receiving court filings and collection demands from litigation that had been stayed; time and resources spent reviewing, investigating, and responding to post-stay filings and communications; and emotional distress arising from the sustained pressure of Defendants' collection campaign conducted in defiance of a court order. Plaintiff is entitled to actual damages, statutory damages of up to $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and costs and reasonable attorney's fees under 15 U.S.C. § 1692k(a)(3).

61.     AIM, as the plaintiff in the Sonoma County action, directed and authorized all post-stay filings in that proceeding. Scott and Kayvon~~, and against AIM as applicable.)~~, as AIM's agents, executed those filings. All three Defendants are jointly and severally liable for this pattern of unfair and unconscionable collection conduct.

**COUNT III – ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**
**(CAL. CIV. CODE § 1788.17 INCORPORATING 15 U.S.C. §§ 1692E AND 1692F)**
**(AGAINST ALL DEFENDANTS)**

39.62.  Plaintiff realleges and incorporates by reference each of the allegations contained in the preceding paragraphs as though fully set forth herein.

63.    California's Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.17, provides that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of 15 U.S.C. §§ 1692b through 1692j of the FDCPA, and that any violation of those provisions is also a violation of the Rosenthal Act.

64.    Plaintiff expressly does **not** assert any independent claim under Cal. Civ. Code § 1788.52 or § 1788.13(e) in this complaint.

65.    The conduct described in Count I—representing materially different and unexplained balances for the same alleged debt across multiple communications and court filings, including an internal inconsistency within a single filing—violates 15 U.S.C. §§ 1692e and 1692e(2)(A), and therefore also violates Cal. Civ. Code § 1788.17.

40.    The conduct described in Count II—maintaining a continuous, escalating pattern of litigation filings and direct collection communications directed at Plaintiff in knowing disregard of a court-ordered stay, spanning nearly eleven months and including two additional service attempts effectuated by mail—violates 15 U.S.C. § 1692f, and therefore also violates Cal. Civ. **Continuing litigation after a stay** compelling arbitration—including filing an Amended Complaint, Amended Summons, and related papers on July 14, 2025—is an unfair collection tactic designed to pressure settlement and leverage court process despite the stay, in violation of §1692f.

41.    **Pressuring arbitration** with fee/interest threats (Mar. 13 email) without producing the contract or records is unfair and unconscionable under §1692f.

Formatted: Font: Bold, Small caps

Formatted: Left

66. **Continuing collection activity** (including emails) after Plaintiff's March 13, 2025 written request for records (ECF No. 37-1 at 32)—and **without providing the Borrower Agreement, ownership/chain-of-title documentation, or account history**—is particularly unfair where California law (Cal. Code § 1788.17.

42. As a direct and proximate result of these violations, Civ. Code §1788.52(c) requires debt buyers to provide requested records within 15 days or cease collection until produced.

43. Plaintiff suffered actual damages as a result of these unfair collection practices, including confusion, wasted time, and emotional distress described above, and is entitled to relief under the FDCPA, including actual damages and statutory damages of up to $1,000 pursuant to 15 U.S.C. §1692k(a)(2)(A), together with costs and fees under §1692k(a)(3).

**COUNT III - VIOLATIONS OF THE FAIR DEBT BUYING PRACTICES ACT**
(Cal. Civ. Code §1788.52(A)-(C))
*(Against AIM only.)*

44.1. Plaintiff realleges and incorporates by reference each of the allegations contained in the preceding paragraphs as though fully set forth herein.

45. Cal. Civ. Code §1788.52(a) required AIM, before filing the Sonoma action on Dec. 13, 2024, to possess records sufficient to substantiate the debt, including the Borrower Agreement, chain of title, and account-level transactional history from charge-off.

46. AIM's filing package omitted these required materials. Instead, it attached only: (a) a bare promissory note expressly referencing an omitted Borrower/Arbitration Agreement (ECF No. 1-2 at 33-36); (b) a perfunctory **four-line "chain of title"** list without dates, identifiers, or bills of sale (*id.* at 43); and (c) a lot sheet containing fragments of consumer data

*Lazzaro v. Accelerated Inventory Management, LLC et al.* – Case. No.: 3:25-CV-03566-CRB
FIRSTSECOND **AMENDED COMPLAINT**

Formatted: Font: Not Bold, Not Small caps

Formatted: Font: Bold, Small caps

(*id.* at 38–41). These submissions are **facially insufficient** to meet §1788.52(a). **No sworn declaration authenticated the records.**

47. On March 13, 2025, Plaintiff submitted a written request for the Borrower Agreement, proof of ownership/chain of title, and account history (ECF No. 37-1 at 32). Under §1788.52(c), AIM was required to provide the requested records within 15 days (by March 28, 2025) or else cease collection until produced. AIM failed to do so, and has never produced the records.

48. Nevertheless, AIM continued collection through its agents, including resuming court filings on July 14, 2025 (ECF No. 60 at 7–9), and sending email demands on July 15 and Aug. 26, 2025 (Exs. A–B). This conduct violated both §1788.52(a) and (c).

49. Plaintiff suffered actual damages as a result of AIM's violations, including confusion, wasted time, and emotional distress, and is entitled to relief under the Fair Debt Buying Practices Act and the Rosenthal Act, including actual damages pursuant to Cal. ~~Civ. Code §~~1788.30(a), statutory damages of up to $1,000 pursuant to Cal. Civ. ~~under §~~Code § 1788.30(b), and ~~punitive damages under Cal. Civ. Code §3294 for willful and knowing violations.~~

**COUNT IV – FALSE REPRESENTATIONS: AMOUNT, CHARACTER, & LEGAL STATUS (ROSENTHAL ACT, CAL. ~~CIV. CODE~~ §1788.13(E))**
*(Against Scott and Kayvon; and against AIM to the extent it authorized the representations).*

50. Plaintiff realleges and incorporates by reference each of the allegations contained in the preceding paragraphs as though fully set forth herein.

51. Defendants falsely represented they were entitled to post-charge-off interest and costs~~,~~ and reasonable attorney's fees "pursuant to the agreement" in the March 13, 2025 email (ECF No. 37-1 at 31), without producing any agreement authorizing those items.

*Lazzaro v. Accelerated Inventory Management, LLC et al.* – Case. No.: 3:25-CV-03566-CRB
~~FIRST~~SECOND **AMENDED COMPLAINT**

**Formatted:** Font: Not Bold, Not Small caps

52. Defendants also quoted inconsistent and inflated balances—$4,604.44 and $4,610.39 in July and August 2025 emails (Exs. A–B)—after previously asserting different balances of $4,362.04 (Feb. 9, 2024 letter, ECF No. 1-2 at 12–13), $4,350.94 (Apr. 29, 2024 letter, ECF No. 1-2 at 20), and $4,306.54 (Dec. 13, 2024 Sonoma complaint, ECF No. 1-2 at 27–52). These conflicting figures, asserted without producing any contract or account history, constituted false representations of the character, amount, or legal status of the debt, in violation of §1788.13(e).

53. Plaintiff suffered actual damages as a result of these false representations, including confusion, wasted time, and emotional distress, and is entitled to relief under the Rosenthal Act, including actual damages pursuant to Cal. Civ. Code § Civ. Code §1788.30(a), statutory damages of up to $1,000 under §1788.30(b), and punitive damages under Cal. Civ. Code §3294 for willful and knowing misconduct.

**COUNT V – ROSENTHAL ACT THROUGH FDCPA INCORPORATION**
**(CAL. CIV. CODE §1788.17 INCORPORATING 15 U.S.C. §§1692E, 1692F)**
*(Against all Defendants.)*

54. Plaintiff realleges and incorporates by reference each of the allegations contained in the preceding paragraphs as though fully set forth herein.

55. The same conduct that violates 15 U.S.C. §§1692e and 1692f also violates the Rosenthal Fair Debt Collection Practices Act by operation of Cal. Civ. Code §1788.17, including but not limited to:

- Threatening unauthorized interest and fees without producing the agreement (Mar. 13, 2025 email, ECF No. 37-1 at 31);

*Lazzaro v. Accelerated Inventory Management, LLC et al.* – Case. No.: 3:25-CV-03566-CRB
FIRSTSECOND **AMENDED COMPLAINT**

—   Continuing collection after a written dispute and records request, despite failing to produce the required debt-buyer records (ECF No. 37-1 at 32);

—   Resuming litigation filings despite a court order staying litigation and compelling arbitration (ECF No. 60 at 4–5, 7–9); and

—   Sending collection emails with inconsistent and escalating balances untethered to any verified records (Exs. A–B).

56.67.   Plaintiff suffered actual damages as a result of these violations, including confusion, wasted time, and emotional distress, and is entitled to relief under the Rosenthal Act, Cal. Civ. Code §1788.17, incorporating 15 U.S.C. §§1692e and 1692f, including actual damages pursuant to §1788.30(a), statutory damages of up to $1,000 under §1788.30(b), punitive damages under Cal. Civ. Code §3294, together with costs and fees under §1788.30(c).

68.   Defendants' post-stay conduct—including the filing of amended pleadings and continued service attempts effectuated by mail in a court-ordered stayed proceeding—was willful and knowing. Plaintiff seeks punitive damages under Cal. Civ. Code § 3294.

## DAMAGES

57.69.   As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered actual damages, including: (a) confusion, wasted time, out-of-pocket expenses, and inability to determine the correct amount of the alleged debt due to Defendants' inconsistent and unexplained balances; (b) time and resources expended investigating, reviewing, and evaluating Defendants' inconsistent representations and unauthorized post-stay collection activity; (c) emotional distress and anxiety arising from misleading communications, unlawfulreceiving collection pressures,demands and court filings during a period in which the filing of a baseless lawsuit, and post-stayunderlying litigation activity, pursuant to 15 U.S.C. §1692k(a)(1) and Cal. Civ. Code §1788.30(had been stayed by court order; and (d) the burden of monitoring and

*Lazzaro v. Accelerated Inventory Management, LLC et al.* – Case. No.: 3:25-CV-03566-CRB
FIRSTSECOND **AMENDED COMPLAINT**

reviewing Defendants' continued filings in the stayed proceeding over a). period of nearly eleven months.

58.70.  Plaintiff seeks statutory damages under the FDCPA, 15 U.S.C. § 1692k(a)(2)(A), of up to $1,000, and under the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(b), of up to $1,000, in addition to actual damages pursuant to Cal. Civ. Code §1788.30(a)..

59.71.  Defendants' post-stay conduct was willful and undertaken with malice, oppression, or fraud, includingdeliberate—as evidenced by the sustained, multi-month pattern of filings and service attempts effectuated by mail in knowing disregard of statutory duties under Cal. Civ. Code §1788.52(a)–(c) and a court-ordered stay.a court order. Plaintiff therefore seeks punitive damages under Cal. Civ. Code §3294 on histhe state-law claims under Cal. Civ. Code § 3294.

60.72.  Plaintiff further seeks costs of suit and reasonable attorney's fees as authorized by 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. Actual damages in an amount to be proven at trial pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civ. ;Code § 1788.30(a);

B. Statutory damages under the FDCPA (pursuant to 15 U.S.C. § 1692k(a)(2)(A))) and the Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code § 1788.30(b))();

C. Punitive damages under Cal. Civ. Code §3294 on the state-law claims pursuant to Cal. Civ. Code § 3294;

D. Costs of suit and reasonable attorney's fees as permitted by 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c); and

*Lazzaro v. Accelerated Inventory Management, LLC et al.* – Case. No.: 3:25-CV-03566-CRB
FIRSTSECOND **AMENDED COMPLAINT**

E.  Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

**Exhibits**

**Exhibit A:** ~~July 15, 2025~~Collection Notice dated February 9, 2024

**Exhibit B:** Intent to Sue Letter dated April 29, 2024

**Exhibit C:** Sonoma County Superior Court Complaint filed December 13, 2024

**Exhibit D:** Order Granting Motion to Compel Arbitration and Stay Litigation dated April 28, 2025

**Exhibit E:** Sonoma County Superior Court Register of Actions (Case No. 24CV07542)

**Exhibit F:** AIM's Sonoma Superior Amended Complaint

**Exhibit G:** Collection Email ~~from Scott & Associates~~dated July 15, 2025

**Exhibit** ~~B: August 26, 2025~~**H:** Collection Email ~~from Scott & Associates~~dated August 26, 2025

*Lazzaro v. Accelerated Inventory Management, LLC et al.* – Case. No.: 3:25-CV-03566-CRB
~~FIRST~~SECOND **AMENDED COMPLAINT**

Dated: ~~October 3, 2025~~March 26, 2026

**CHRISTOPHER LAZZARO**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed On: ~~October 3, 2025~~March 26, 2026

_____

By:   /s/ Christopher Lazzaro
CHRISTOPHER LAZZARO
1302 Vallejo Street
Santa Rosa, CA 95404
Telephone: (831) 241-2738
Email: chrisflazzaro@gmail.com
Plaintiff, Pro Se

*Lazzaro v. Accelerated Inventory Management, LLC et al.* – Case. No.: 3:25-CV-03566-CRB
~~FIRST~~SECOND **AMENDED COMPLAINT**