Your Name: Christopher Lazzaro

Address: 1302 Vallejo Street

Santa Rosa, CA 95404

Phone: 831-241-2738

Email: chrisflazzaro@gmail.com

Pro Se

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

Division [check one]: ■ San Francisco    □ Oakland    □ San Jose    □ Eureka-McKinleyville

| | |
|---|---|
| Christopher Lazzaro | ) Case Number: 3:25-CV-03566-CRB |
| | ) |
| | ) |
| Plaintiff, | ) [Check box for party submitting statement]: |
| | ) |
| v. | ) ☑ **Plaintiff's**    ☑ **Defendant's** |
| Accelerated Inventory Management, LLC | ) **CASE MANAGEMENT STATEMENT** |
| Scott & Associates, PC | ) ORDER |
| Robert Kayvon II | ) DATE: April 24, 2026 |
| | ) TIME: |
| | ) JUDGE: Hon. Charles R. Breyer |
| | ) |
| | ) |
| Defendant(s). | ) |
| | ) |

See also Supplements of Accelerated Inventory Management, LLC, and Scott & Associates, PC and Robert Kayvon II, attached hereto.

See also Supplement of Christopher Lazzaro

[See the Instructions for more detailed information about how to complete this template.]

## 1. JURISDICTION & SERVICE

(a) This Court has subject matter jurisdiction in this case under:
 [Mark the option that applies to your case.]

☑ Federal question jurisdiction because it is about federal laws or rights. [List the laws or rights involved] FDCPA, 15 U.S.C. § 1692 et seq.; supplemental jurisdiction over related Rosenthal Act claim, Cal. Civ. Code § 1788 et seq.

☐ Diversity jurisdiction because none of the Plaintiffs live in the same state as any of the Defendants AND the amount of damages is more than $75,000.

(b) Service ☑ has ☐ has not been completed, as follows:
[Complete the table to show when each defendant was served with the Complaint and whether any defendant will argue that this Court is not the correct one to decide this case.]

| Defendant's Name | Date Served or Expected to Serve | Does Defendant dispute that the Court has personal jurisdiction? | | Does Defendant dispute that this is the correct venue? | |
|---|---|---|---|---|---|
| AIM, LLC | 5/2/2025 | ☐ Yes | ☑ No | ☐ Yes | ☑ No |
| Scott, PC | 5/2/2025 | ☐ Yes | ☑ No | ☐ Yes | ☑ No |

☑ Check the box if there are more defendants and provide the above information for each defendant on an additional page at the end of this document.

## 2. FACTS
Give a short description of the important facts in this case including facts that you and the other side disagree about. Add an additional page if needed.

This action arises from defendants' alleged debt collection activity concerning the same alleged consumer debt. Plaintiff alleges that defendants used materially inconsistent and unexplained balances and other inconsistent account information across collection communications and and state-court filings, including internal inconsistencies within a single filing. Plaintiff also alleges that after the Sonoma County Superior Court stayed the state collection action pending arbitration on April 28, 2025, defendants continued a pattern of collection-related conduct, including filings in the stayed action, collection emails, and renewed service efforts. Defendants deny liability and deny or dispute many of these factual allegations. For purposes of this filing, Accelerated Inventory Management, LLC, is referenced as "AIM."

### 3. LEGAL ISSUES

Briefly explain the laws the Plaintiff says the Defendant violated.

Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., specifically §§ 1692e, 1692e(2)(A), and 1692f, and alleges a related violation of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.17, based on the same conduct. The live theories are inconsistent and misleading representations regarding the amount/character of the alleged debt, and unfair or unconscionable post-stay collection conduct.

### 4. MOTIONS

Complete the table to list any motions that have been filed or might be filed.

| Party filing motion | Type of Motion | Date of Ruling (or "pending" or "to be filed") |
|---|---|---|
| Defendants | See Supplements for Motions | See Supplements |
| Plaintiff | See Additional Space | See Additional Space |

☒ Check the box if there are more motions and add a page at the end with additional information.

### 5. AMENDMENT OF PLEADINGS

Mark one option to tell the Court whether you plan to change your claims or defenses.

- The submitting party [name] __Christopher Lazzaro_____

☑ does **not** plan to amend the Complaint.   ☐ plans to amend the Complaint by _____

☐ does **not** plan to amend the Answer.   ☐ plans to amend the Answer by _____

☐ Check the box if you need to list more parties and then provide the above information for each party on an additional page at the end of this document.

### 6. EVIDENCE PRESERVATION

Parties to a lawsuit must make sure that they are protecting and not destroying evidence that might be used in the case. Check the correct box or boxes.

- The submitting party [name] __Christopher Lazzaro_____ has

☑ reviewed the Guidelines for the Discovery of Electronically Stored Information [See https://www.cand.uscourts.gov/forms/e-discovery-esi-guidelines/]

☑ spoken with the opposing parties about preserving evidence relevant to the issues one could reasonably understand to be part of this case
[See Checklist for Rule 26(f) Meet and Confer at: https://www.cand.uscourts.gov/forms/e-discovery-esi-guidelines/]

☐ plans to do the above by [date] _____

☐ Check the box if you need to list more parties and then provide the above information for each party on an additional page at the end of this document.

## 7.  DISCLOSURES

Initial Disclosures are lists of information that the parties must send each other at the beginning of a case. Check the box that applies and then fill in the agreed date if needed.

☐    Parties have sent each other Initial Disclosures.

☑    Parties have not yet sent each other Initial Disclosures, but agree to exchange them by [date] April 30, 2026 (per Rule 26(a)(1); no agreed extension)

## 8.  DISCOVERY

Give a short description of what you plan to investigate during discovery and if there are currently any discovery issues. Give a brief report about any agreements (stipulations) the parties have made about electronic discovery.

Plaintiff intends to seek discovery concerning the live claims and the affirmative defenses actually pled, including the alleged inconsistent balances and account information, post-stay collection conduct, relevant communications, filings, service efforts, account-history and balance-calculation materials, and materials bearing on defendants' asserted defenses. Plaintiff anticipates written discovery first, including documents, interrogatories, and requests for admission, followed by depositions after substantial production. The parties discussed preservation and ESI generally, but no final ESI stipulation has been reached at this time.

## 9.  CLASS ACTIONS

Not applicable.

//

//

## 10. RELATED CASES

Check the correct box to explain whether you are aware of any cases related to this one. If you check the second box, list the case number and the court, government agency, or other administrative body that will decide that case.

The party submitting this statement

☐ is not aware of any related cases.

☑ is aware of related cases [list cases]: _____

Superior Court of Sonoma County, Case No. 24CV07543

## 11. RELIEF

State what the Plaintiff wants from the Defendant, or wants the Court to do, including any amount of money sought and how that amount was calculated. If a Defendant filed a counter or crossclaim, state the same information for the Defendant. Insert a page if needed.

Plaintiff seeks actual damages, statutory damages under the FDCPA and Rosenthal Act,

punitive damages on the state-law claim, and costs and attorney's fees as permitted by statute.

The exact amount of actual and punitive damages remains to be determined through discovery

and proof.

## 12. SETTLEMENT AND ADR

Check at least one box in each column. Suggest a date for a settlement conference. If you need information to help you decide how to resolve the case, explain what that information is. The parties are to have complied with ADR Local Rule 3-5.

The parties:                    Form of Alternative Dispute Resolution ("ADR"):

☑ have tried to settle the case.        ☐ Settlement conference with a magistrate judge

☐ have not tried to settle the          ☑ Mediation

case.                                   ☐ Other _____

Suggested deadline: September 30, 2026

Information needed (such as key discovery or motions): Key account-history and balance-

calculation materials, post-stay communications/filings, materials supporting asserted defenses.

CMC STATEMENT
CASE NO.: 3:25-CV-03566-CRB            PAGE ___ OF ___            JDC TEMPLATE, UPDATED 11/2024

## 13. **OTHER REFERENCES**

In unusual cases, the judge may refer a case to another decision-maker. If this is one of those cases, cross out "Not Applicable," and write in who should hear this case.

Not applicable.

## 14. **NARROWING OF ISSUES**

Use this section to explain if issues in this case could be resolved by agreement or by written papers submitted by the parties ("motion"). Check the box that applies and then explain.

✔ Not applicable.

☐ Issues that can be resolved by agreement: _____

_____

☐ Issues that can be resolved by motion:_____

_____

☐ Consequential issues and plan for quick resolution: _____

_____

_____

_____

_____

_____

_____

## 15. **SCHEDULING**

The Court usually sets the case deadlines. If you want to propose a schedule for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and/or trial, you can do so below. Be sure you will be in town and able to meet any deadlines proposed.

☐ Agree to have the Court set deadlines.

✔ Proposed deadlines:

Initial Disclosures (Rule 26(a)(1)): April 30, 2026

Last Day to Amend Pleadings / Add Parties: August 1, 2026

Last Day to Conduct Settlement/ADR: September 30, 2026 (Plaintiff Request Only) **

Fact Discovery Cutoff: October 16, 2026       (Continued on Additional Space)

CMC STATEMENT
CASE NO.: 3:25-CV-03566-CRB                    PAGE ___ OF ___                    JDC TEMPLATE, UPDATED 11/2024

**16.    TRIAL**

Check the box that applies and estimate how long the trial will last.

☑    This case will be tried by a jury.  The trial is expected to last 2___ days.

☐    This case will be tried by a judge.  The trial is expected to last ____ days.

**17. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

This Section tells the Court if anyone who is not named as a party in the case will be affected by the outcome. Usually, if you are representing yourself, the answer is "None." If there is an "interested party," cross out "None" and write in their names.

None.

**18. PROFESSIONAL CONDUCT**

Not applicable as the submitting party is self-represented and proceeding *pro se*.

**19. OTHER**

Use this section to discuss other issues that would assist with the just, speedy, and inexpensive resolution of this case.

NOTE: This document should not be longer than 10 pages, including any pages you add at the end. Each party submitting this statement must sign and date below.

Date: 4/24/26

Sign Name: /s/ Christopher Lazzaro

Print Name: Christopher Lazzaro

Pro Se

//

//

//

CMC STATEMENT

CASE NO.: 3:25-CV-03566-CRB            PAGE ___ OF ___            JDC TEMPLATE, UPDATED 11/2024

Use this page if you need additional space for any Section. Be sure to write the Section number.

Section 1(b) – Additional Defendant

Robert Kayvon II | Served: 05/19/2025, Appeared: 06/26/2025 | No | No

Section 4 - Motions

04/23/2025: Motion for Permission for Electronic Case Filing

05/11/2025: Motion for Order Granting Alternative Service

05/19/2025: Administrative Motion per Civil Local Rule 7-11

06/16/2025: Motion for Entry of Default

06/25/2025: Motion for Default Judgment - by the Court

11/06/2025: Motion for Leave to File Sur-Reply

Section 15 - Scheduling (Continued)

Expert Disclosure: October 30, 2026

Expert Disclosure (Rebuttal): November 13, 2026

Expert Discovery Cutoff: November 20, 2026

Dispositive Motion Filing Deadline: December 9, 2026 (Plaintiff Request Only) **

Opposition to Dispositive Motions: December 23, 2026 (Plaintiff Request Only)**

Reply in Support of Dispositive Motions: December 30, 2026 (Plaintiff Request Only)**

Last Day to Hear Dispositive Motions: January 13, 2027 (Plaintiff Request Only)**

Final Pretrial Conference (approx.): April 21, 2027

Trial (Approx.): May 19, 2027

** DEFENDANTS DISAGREE WITH THE PROPOSED SCHEDULING FOR

ADR DEADLINE AND DISPOSITIVE MOTIONS. SEE DEFENDANTS' SUPPLEMENTS

FOR DEFENDANTS' REQUESTED SCHEDULING

***SEE PLAINTIFF'S SUPPLEMENT FOR PLAINTIFF'S REQUESTED SCHEDULING

EXPLANATION OF THE REMAINING DISPUTED DATES.

**CHRISTOPHER LAZZARO**
1302 Vallejo Street
Santa Rosa, CA 95404
Telephone: (831) 241-2738
Email: chrisflazzaro@gmail.com
Plaintiff, Pro Se

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHER LAZZARO,<br><br>　　　Plaintiff,<br><br>　　　vs.<br><br>ACCELERATED INVENTORY<br>MANAGEMENT, LLC,<br><br>SCOTT & ASSOCIATES, P.C., and<br><br>ROBERT KAYVON II<br><br>　　　Defendants | CASE NO.: 3:25-CV-03566-CRB<br><br>**PLAINTIFF'S SUPPLEMENT REGARDING DISPUTED SCHEDULING DATES**<br><br><br><br>Courtroom:　6, 17th Floor<br>Judge:　　　Honorable Charles R. Breyer |

COMES NOW Plaintiff Christopher Lazzaro ("Plaintiff"), proceeding pro se, and hereby files this Supplement Regarding Disputed Scheduling Dates to address the limited scheduling issues on which the parties were unable to reach agreement in preparing the Case Management Statement.

**PLAINTIFF'S SUPPLEMENT REGARDING DISPUTED SCHEDULING DATES**

Plaintiff made reasonable efforts to prepare a joint Case Management Statement and largely adopted Defendants' proposed schedule. As Defendants' own supplements reflect, the only remaining disagreement concerns the ADR deadline and dispositive-motion schedule.

For context, the initial-disclosures date was not discussed during the Rule 26(f) conference, and Rule 26(a)(1) provides for initial disclosures 14 days later absent stipulation or court order. Defendants' initial proposed schedule nevertheless used May 19, 2026 for initial disclosures, even though no extension had been discussed or agreed. Plaintiff then noted that Rule 26(a)(1) called for disclosures by April 30, 2026, based on the April 16, 2026 conference date. Defendants did not respond to that point or continue to pursue the later date, and Plaintiff therefore retained the Rule-based date.

As to expert discovery, Defendants included an expert-discovery sequence in their initial proposed schedule. Plaintiff objected because the parties had discussed that expert discovery did not presently appear likely to be necessary, and Plaintiff expressed concern that inclusion of a full expert sequence functioned mainly as padding in the schedule.

Defendants nevertheless continued to insist that expert dates be included. Plaintiff ultimately accepted that approach and revised the surrounding schedule accordingly, while the parties remained in agreement that expert testimony did not presently appear likely to be required. In practical effect, if experts are not ultimately needed, inclusion of that sequence extends Defendants' time to prepare dispositive motions. Plaintiff accepted that additional time in the interest of reaching a joint agreement and narrowing the dispute, reflecting a good-faith willingness to accommodate Defendants where possible.

As to dispositive motions, Plaintiff's proposed motion sequence is complete, internally consistent, and compliant with the applicable timing rules. Defendants have not identified any

rule-based defect in Plaintiff's proposed motion dates. Instead, Defendants request later dates that would place Plaintiff's opposition deadline in early January—requiring briefing throughout the December holiday period—while providing Defendants with a more favorable filing window. Plaintiff respectfully submits that the proposed motion dates distribute the briefing burden more equitably and represent the more balanced and reasonable schedule.

As to ADR, Plaintiff proposed a deadline during discovery, after the parties should have the core factual information needed to evaluate resolution, but before the substantial expense of expert discovery and dispositive-motion practice is incurred. Defendants initially proposed March 31, 2027, just before pretrial and trial, and now continue to request an ADR date materially later than Plaintiff's. Plaintiff respectfully submits that such a late ADR deadline is counterintuitive to ADR's intended purpose, because it defers ADR until after the major litigation burdens it is meant to reduce have already been imposed. Defendants' proposed timing would permit Defendants to complete dispositive-motion practice before ADR is expected to occur, which substantially diminishes ADR's usefulness as an early mechanism to reduce litigation expense and conserve judicial resources.

Plaintiff's proposal reflects a reasonable middle ground. Plaintiff adopted most of Defendants' proposed schedule, accepted the expert sequence Defendants insisted be included, retained Defendants' supplements, and limited the remaining disagreement to the specific dates on which the parties could not agree. Plaintiff respectfully requests that the Court adopt Plaintiff's proposed schedule.

Dated: April 24, 2026

*Lazzaro v. Accelerated Inventory Management, LLC et al.* – Case. No.: 3:25-CV-03566-CRB
**PLAINTIFF'S SUPPLEMENT REGARDING DISPUTED SCHEDULING DATES**

**CHRISTOPHER LAZZARO**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed On: April 24, 2026

By: __/s/ Christopher Lazzaro_____

CHRISTOPHER LAZZARO

1302 Vallejo Street

Santa Rosa, CA 95404

Telephone: (831) 241-2738

Email: chrisflazzaro@gmail.com

Plaintiff, Pro Se

**BARKES LAW APC**
R. Paul Barkes (SBN: 190553)
paul.barkes@barkeslaw.com
21550 Oxnard Street, 3rd Floor
Woodland Hills, CA 91367
Telephone: (818) 912-9146

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **CHRISTOPHER LAZZARO**,<br><br>Plaintiff,<br><br>v.<br><br>**ACCELERATED INVENTORY MANAGEMENT, LLC, *et al.***<br><br>Defendants. | **Case No. 3:25-cv-03566-CRB**<br><br>**DEFENDANT ACCELERATED INVENTORY MANAGEMENT, LLC'S SUPPLEMENT TO JOINT CASE MANAGEMENT STATEMENT** |

COMES NOW the Defendant, Accelerated Inventory Management, LLC ("AIM"), and makes the following supplements and additions to the Case Management Statement filed alongside this Supplement:

SECTION 4 (Motions): Numerous motions have been filed in this case. AIM assumes other parties will account for their motion filings. AIM has filed the following motions on its own behalf:

| Party Filing | Type of Motion | Date of Ruling |
|---|---|---|
| AIM | Motion to Dismiss (Filed 5/16/2025) | 7/7/2025 |
| AIM | Motion to Dismiss (Filed 10/14/2025) | 3/19/2026 |

1

SECTION 8 (Discovery): AIM anticipates seeking discovery on Plaintiff's account and history, Plaintiff's allegations, AIM's affirmative defenses, the responses and defenses of other Parties, and Plaintiff's injuries and damages.  AIM has not currently identified any discovery issues.  AIM will also likely request Plaintiff stipulate to a protective order if Plaintiff's discovery requests seek confidential information and documents.

SECTION 10 (Related Cases): AIM is aware of a related case currently pending in the Superior Court of Sonoma County, Case No. 24CV07543.

SECTION 12 (ADR): AIM is willing to  take part in ADR.

SECTION 15 (Scheduling):  AIM agrees with Plaintiff's proposed schedule except as follows:

| | |
|---|---|
| **Last Day to Conduct Settlement/ADR:** | **February 26, 2027** |
| **Dispositive Motion Filing Deadline:** | **December 18, 2027** |
| **Opposition to Dispositive Motion Deadline:** | **January 8, 2027** |
| **Reply in Support of Dispositive Motion Deadline:** | **January 15, 2027** |
| **Last day to Hear Dispositive Motions:** | **January 29, 2027** |

Dated: April 24, 2026

Respectfully Submitted,

BARKES LAW APC
Attorneys for Defendant Accelerated Inventory Management, LLC

By: /s/ R. Paul Barkes
R. Paul Barkes
paul.barkes@barkeslaw.com
21550 Oxnard Street, 3rd Floor
Woodland Hills, CA  91367
Telephone: (818) 912-914

2

REGINA M. SLOWEY (BAR NO. 235899)
BARRON & NEWBURGER, P.C.
1970 OLD TUSTIN AVENUE, SECOND FLOOR
SANTA ANA, CALIFORNIA  92705
TELEPHONE:  (248) 621-9739
E-MAIL:  rslowey@bn-lawyers.com

Attorneys for Defendant Scott & Associates, PC
And Robert Kayvon II

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **CHRISTOPHER LAZZARO**, <br><br> Plaintiff, <br><br> v. <br><br> **ACCELERATED INVENTORY MANAGEMENT, LLC**, *et al.* <br><br> Defendants. | **Case No. 3:25-cv-03566-CRB** <br><br> **Lazzaro v. AIM et al - SA and RK supplement** |

COMES NOW the Defendants, Scott & Associates, PC And Robert Kayvon II (hereinafter "Defendants"), and makes the following supplements and additions to the Case Management Statement filed alongside this Supplement:

SECTION 4 (Motions): Numerous motions have been filed in this case.

The following have been filed by Defendants Scott & Associates and/or Robert Kayvon II:

| Party Filing | Type of Motion | Date of Ruling |
|---|---|---|
| AIM/Scott & Assoc | Motion to Dismiss | 7/7/2025 |
| Robert Kayvon | Motion to Set Aside Default | 7/31/2025 |

1

DEFENDANT SCOTT&ASSOCIATES/ROBERT KAYVON
SUPPLEMENT TO CASE MANAGEMENT STATEMENT          Case No. 3:25-cv-03566-CRB

| Robert Kayvon | Motion to Dismiss | 9/4/2025 |
| Scott & Associates/Robert Kayvon | Motion to Dismiss | 3/19/2026 |

SECTION 8 (Discovery): Defendants anticipate seeking discovery concerning, among other things: (1) Plaintiff's account history and underlying transactions; (2) the factual bases for Plaintiff's allegations; (3) Plaintiff's claimed injuries and damages; (4) Plaintiff's communications with any parties or third parties relevant to the claims and defenses; and (5) the claims, defenses, and positions of all parties. Defendants further anticipate serving written discovery and taking depositions of Plaintiff and any witnesses identified in discovery, including any experts. At this time, Defendants are not aware of any significant disputes or issues regarding discovery. To the extent discovery implicates confidential, proprietary, or personal information, Defendants will meet and confer regarding the entry of an appropriate stipulated protective order.

SECTION 10 (Related Cases): Superior Court of Sonoma County, Case No. 24CV07543.

SECTION 12 (ADR): Defendants are willing to take part in ADR.

SECTION 15 (Scheduling):  Except as noted below, Defendants accept Plaintiff's proposed schedule.  EXCEPTIONS:

Defendants Scott & Associates and Robert Kayvon join with Defendant AIM in requesting the following dates as noted:

| | |
|---|---|
| **Last Day to Conduct Settlement/ADR:** | **February 26, 2027** |
| **Dispositive Motion Filing Deadline:** | **December 18, 2027** |
| **Opposition to Dispositive Motion Deadline:** | **January 8, 2027** |
| **Reply in Support of Dispositive Motion Deadline:** | **January 15, 2027** |
| **Last day to Hear Dispositive Motions:** | **January 29, 2027** |

2

DEFENDANT SCOTT&ASSOCIATES/ROBERT KAYVON
SUPPLEMENT TO CASE MANAGEMENT STATEMENT          Case No. 3:25-cv-03566-CRB

Dated: April 24, 2026                                     Respectfully Submitted,

                                                          **BARRON & NEWBURGER, P.C.**


                                                          By: /s/ Regina M. Slowey
                                                          REGINA M. SLOWEY
                                                          Attorneys for Defendants
                                                          Scott & Associates, PC
                                                          And Robert Kayvon II

The Court adopts defendants proposed schedule.  Pretrial and trial dates to be determined. A Joint Case Management Statement due by September 18, 2026. Case Management Conference set for September 25, 2026 at 8:30 a.m. by video conference.

Date:  April 27, 2026



3

DEFENDANT SCOTT&ASSOCIATES/ROBERT KAYVON
SUPPLEMENT TO CASE MANAGEMENT STATEMENT                    Case No. 3:25-cv-03566-CRB